ALFRED MAHNKEN, APPELLANT, v. MORRIS MELTZ
ET AL., RESPONDENTS.

Submitted December 5, 1921—Decided March 6, 1922.

1. An affidavit, which is the basis of a dispossessory proceeding in the District Court, may be made by the authorized agent of the owner of the premises.
2. Where the Supreme Court sits as a reviewing tribunal, questions not argued there will ordinarily not be noticed in the Court of Errors and Appeals, but may be if they involve jurisdiction or public policy.
3. Official cognizance of the names and signatures of the clerk of District Courts will be taken by the other courts of the state.
4. A paper is filed in contemplation of law when lodged with the proper officer. The failure of a clerk to endorse a minute of the filing upon the paper lodged with him cannot operate to destroy the rights of the party so lodging it for filing.

On appeal from the Supreme Court.

For the appellant, *G. Earl Brugler.*

For the respondents, *Michael J. Quigley* and *Hugo Woerner.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. This was an action for the possession of demised premises commenced in the District Court of East Orange and resulted in the dispossession of the defendant (prosecutor-appellant) under a warrant therefor issued upon the judgment of that court. The appellant applied for and obtained a *certiorari* which was argued before the Chief Justice, sitting alone under the statute. He affirmed the judgment of the District Court and the prosecutor has appealed to this court. He files nine grounds of appeal. The first invokes the jurisdiction of this court and the others should not have been filed. The grounds stated in them were arguable because residing in the record brought up by the

appeal.   See *Diamond Mills Paper Co.* v. *Leonard Hygiene Ice Co.*, 95 *N. J. L.* 540, and cases cited.

The first point made for the prosecutor-appellant is that the respondent Meltz had no authority to make the affidavit which was the basis of the dispossessory proceedings.   The owner of the property was Morris Daniel, but Meltz was his agent.   He swears that he was the authorized agent of Daniel for the rental of the property, &c.   His authority to make the affidavit was derived from the supplement to the District Court act, approved June 2d, 1905.   *Pamph. L., p.* 493; *Comp. Stat., p.* 1991, § 117a.   That act provides that where any lands are or shall be leased by any agent of the owner, in the name of such agent, either individually or as agent, such owner or the assignee or grantee of such owner shall have the same right to terminate such tenancy as was or shall be possessed by such agent, and it shall be lawful for the owner or his agent thereunto authorized to institute proceedings, &c.

The affidavit upon which the summons issued stated facts necessary to give the District Court jurisdiction to entertain the proceedings.

The next point is that the act just mentioned is unconstitutional, in that its title is defective.   Defendants-respondents assert in their brief that this point was not raised or argued in the court below and therefore cannot now be urged.   In the reply brief it is stated for appellant that the constitutional question was fully raised by elaborating objections to the affidavit and asserting the invalidity of the entire proceedings, and that these questions were raised on the removal of the case to this court.   An examination of the nine reasons filed in the Supreme Court fails to disclose, or even suggest, that the act under which the proceedings were brought is unconstitutional. Where the Supreme Court sits as a reviewing tribunal, as it did in this case, questions not argued there will ordinarily not be noticed here, but may be if they involve jurisdiction or public policy.   See *State* v. *Belkota,* 95 *N. J. L.* 416; *State* v. *Snell,* 96 *Id.* 299.   But, as above remarked, the jurisdictional question of defective title of the act under which these proceedings were instituted, was not even raised in the court of

first instance, and, consequently, could not have been argued in the court of intermediate appeal, as it was not, and it will not, be noticed here.

The next point is that the affidavit upon which the summons was issued was defective because not attested, certified or authenticated by an officer entitled to take the same, the jurat merely containing the signature and addition following: "Dennis Conroy—Clerk." The Chief Justice properly disposes of this question in his opinion when he says the affidavit is endorsed "District Court of the City of East Orange," and that the court will take official cognizance of the fact that Mr. Conroy was the legally appointed clerk of that tribunal. The Oaths act (*Comp. Stat., p.* 3768, § 30) provides that any affidavit necessary or proper to be used in any court of this state may be taken before the clerk of any court of record. The District Courts are courts of record, and this court will take official cognizance of the names and signatures of their clerks.

It is argued that no affidavit, defective or otherwise, was in fact filed. This argument is only supported by the assertion that filing imports more than the mere reception of a paper into the custody of the clerk, and that his endorsement thereon is necessary. This question has been otherwise determined in this court. In *Stokes* v. *Hardy,* 71 *N. J. L.* 549, the retention by a judge of a petition preferred to the court, and his failure to file it in the clerk's office for over six months, did not invalidate the proceedings. See, also, *Sholes* v. *Eisner,* 90 *Id.* 151, 155.

Originally "filing" consisted of putting writs and other exhibits in courts and offices upon a string or wire for safekeeping and ready reference. In modern usage it consists in placing in the custody of the proper official the paper to be filed, and while his duty undoubtedly requires his making a proper endorsement upon the paper so deposited, it is undoubtedly filed in theory and contemplation of law, when lodged with the proper officer. See 1 *Bouv. L. Dic.* (*Rawle's rev.*) 782. Of course, the clerk's failure to endorse a minute of the filing upon the paper lodged with him cannot operate

to destroy the rights of the party so lodging it for filing. Any such doctrine would be intolerable.

Let the judgment under review be affirmed.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ.    15.

*For reversal*—None.