This matter is before the court upon the appeal of Herman Harding from the Prerogative Court.
On May 26th, 1944, the surrogate of Hudson County admitted the will of Allie V. Norrell to probate. Herman Harding, a relative of Mrs. Norrell, appealed that order to the Orphans Court of Hudson County. Hilliard, executor of the will, and Conwell, a legatee and devisee thereunder, moved to dismiss the appeal. After hearing, the Orphans Court on December 8th, 1944, denied the motion. Hilliard and Conwell then took an appeal to the Prerogative Court from the denial of the motion to dismiss. Harding then moved to dismiss the appeal of Hilliard and Conwell and the Prerogative Court denied the motion. The denial of the motion to dismiss Hilliard's appeal to the Prerogative Court, together with other orders not pertinent to the present appeal, was before this court at the May, 1945, term. See In re Norrell,137 N.J. Eq. 207. We remanded the cause to the Prerogative Court.
After the cause had been remanded to the Prerogative Court, Harding answered the petition of appeal of Hilliard and Conwell and in due course the matter came on before the Prerogative Court which entered an order on September 3d 1946, reciting that the Orphans Court was without jurisdiction to entertain the appeal of Herman Harding and reversed the Orphans Court order of December 8th, 1944.
The present appeal challenges the finding of the Prerogative Court that the Orphans Court was without jurisdiction to entertain Harding's appeal because, inter alia, the petition of appeal did not set forth that Harding "resided out of this state at the death of the testator."
The applicable statute, R.S. 3:2-52, provides that: "Proceedings of surrogates respecting the probate of a will shall be subject to appeal to the orphans court by any person interested, or other person legally representing him, and to proceedings thereon, as if the will had not been proved; but such *Page 552 
an appeal shall be made within three months after such proceedings, before the surrogate, or within six months after such proceedings in cases where the person appealing resides out of this state at the death of the testator." It is said that the petition of appeal must set forth that appellant, Herman Harding, resided out of the state on the date of testatrix' death; that in the absence of such allegation, the Orphans Court is without jurisdiction to entertain the appeal. The petition of appeal recited that it was "the petition of appeal of Herman Harding residing at 375 West 126th Street, New York, State of New York." The question for resolution is whether the allegation by the petitioner of non-residence on the date of testatrix' death is asine qua non to the jurisdiction by the Orphans Court where the appeal is taken more than three months after probate. We do not think that it is. Rule 63 of the Orphans Court sets forth the necessary content of a petition of appeal as follows: "In all cases of an appeal from any order or decree of the surrogate, the party appealing shall file with the surrogate a petition of appeal, addressed to the surrogate, in which shall be briefly stated the order or decree complained of, the grounds of appeal and the names of all persons concerned; and a copy thereof shall, within five days thereafter, unless the Orphans Court shall in its discretion grant further time, be served upon the executor, administrator or guardian, in case of an appeal from the probate of a will * * *." The rule calls for no more than a statement of the order or decree under appeal, the grounds of appeal and the names of the persons concerned. Our attention has not been called to any judicial holding, nor has our independent research disclosed any calling for more. The situation should be clearly distinguished from the situation that arises, for example, underR.S. 2:47-1 et seq., the statute dealing with "Death by Wrongful Act." Under that statute, the legislature has created a right which did not exist theretofore, and it expressly provided by section 3 that "every action brought under the provisions of this chapter shall be commenced within two years after the death of the decedent, and not thereafter." The distinction lies in the fact that in the instant case the right of appeal exists independent of *Page 553 
statute, whereas in the case of an action brought under the Death Act, the legislature has created the right and has imposed certain conditions upon the remedy, compliance with which are a prerequisite to jurisdiction. We hold, therefore, that the omission of the appellant, Herman Harding, to set forth that he was a non-resident of New Jersey at the date of testatrix' death is not a fatal omission. We think the instant case comes within the intent of R.S. 2:30-4 providing:
"In order to prevent the failure of justice by reason of mistakes and objection of form, the ordinary may, at all times and in all cases, amend, with or without costs and upon such terms as to the Ordinary seem proper, all defects and errors in any cause or proceeding, whether or not there is anything in writing to amend by and whether or not the defects or errors were those of the party applying to amend; and all amendments, necessary to determine in an existing cause or proceeding the real question in controversy between the parties or the real question raised on the application to amend, shall be so made."
The real question at issue in this case is as to whether the written instrument was in fact the last will and testament of Allie V. Norrell, and we think that the statute quoted above gives to the Prerogative Court the power to amend the proceedings so that that question may be determined, and the failure to make such an amendment would result in a failure of justice — the very thing which the cited statute seeks to void.
It is next said that the order under appeal should be affirmed because the citation was served November 30th, 1944, returnable December 8th, 1944, a period of but eight days before the return date, whereas the statute, R.S. 2:31-37 provides that such process "shall be served, unless otherwise specifically provided, ten days before the return date thereof, * * *." This requires us to determine whether or not the provision for a ten-day period between service of process and the return date is mandatory or directory, and in that regard we think that the words of Chancellor Walker in Sheldon v. Sheldon, 100 N.J. Eq. 24, are illuminating. He said: "As to mandatory and directory
statutes, it is said that when the provision of an act is the essence of the thing required to be *Page 554 
done it is mandatory; otherwise, when it relates to form and manner, and where an act is incident, it is directory merely.Bouv. L. Dict. (Rawle's 3d rev.) 3130. The essence of the provision under consideration is service, not time of service; the latter is rather an incident of the main purpose, except that service must be made in time to prevent any curtailment of the period allowed after the return day for filing an answer. The word `shall' is to be construed as merely permissive when no public benefit or private right requires it to be given an imperative meaning." In Hugg v. Camden, 39 N.J. Law 620, the Supreme Court, in dealing with a provision of the city charter, granted by the legislature, requiring that certain acts be performed on or before a certain date, said "where a statute directs a person, in the discharge of a public duty, to do a thing at a certain time, without any negative words restraining him from doing it afterwards, or any expression from which such intent can be gathered, the naming of the time is but directory, and not a limitation of authority. While, therefore, the duty enjoined may be performed at a time subsequent to that named in the statute, and the action be valid, because the time is not of the essence of the act required to be done, and is not a condition precedent to its validity, yet the statute should be obeyed, and the duty performed at the time specified." Attention is directed to the fact that in the statute now under consideration, R.S. 2:31-37, there are no "negative words restraining him from doing it afterwards." It is also pertinent to point out that the citation in this case issued on November 17th and was not served by the sheriff of Hudson County until November 30th, 1944. It may be that the fault lay with the sheriff or his deputy, and we held in Mahnken v. Meltz,97 N.J.L. 159, that the failure of a clerk to endorse a minute of filing upon the paper filed with him cannot operate to destroy the rights of the party so lodging it for filing. It would be equally intolerable to hold that the failure of a sheriff's deputy to serve a paper promptly should deprive a litigant of rights which he would have, had the sheriff's deputy performed his duty expeditiously.
The last point needing consideration has to do with the *Page 555 
failure to serve Conwell at all and Hilliard in his individual capacity as distinguished from his status as executor. We deem the instant case to be within the principle laid down by In reMeyers Estate, 69 N.J. Eq. 793, and that service upon the proponent of and executor under the will was sufficient.
The order under appeal is reversed, and the cause remanded to be dealt with consistently with this opinion.