B. F. (LEFTY) FOWLER V. STATE.

No. 25279. April 25, 1951.
Rehearing Denied June 13, 1951.
Appellant's Second Motion for Rehearing Denied (Without
Written Opinion) June 30, 1951.

Hon. James G. Denton, Judge Presiding.

*Burks & McNeil,* by *Burton S. Burks* and *Clifford W. Brown,* Lubbock, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was convicted for the unlawful possession for the purpose of sale of intoxicating liquors in Lubbock County, a dry area; and upon a trial before a jury he was awarded a penalty of a fine of $250.00, from which he appeals.

The testimony shows that appellant was the proprietor of a cafe in the city of Lubbock, located at 616 13th Street; and under a search warrant two officers searched the same and found 13 pints of liquor in a drawer therein.

The main contention in this appeal is that the search warrant was illegal and improperly issued by the magistrate signing the same, as shown by appellant's Bill of Exception No. 1. We take from the preamble in said bill a resume of the reasons assigned therein as follows:

"At the time of the search, no affidavit for search warrant was on file with the Justice, and the case had not then been docketed."

We find from the facts set out in said bill that it is claimed that the warrant was issued about 9:00 o'clock P.M., by the justice of the peace while at his home in the city of Lubbock and not at his office in the Lubbock County Courthouse; that two officers appeared at his home at such time and presented to him three copies of a search warrant, which was then signed and sworn to by them before said justice of the peace at his home; that he then delivered the three copies of this warrant which evidently also contained the affidavit for its issuance; that they executed the warrant by searching the cafe of the appellant and finding therein 13 pints of whisky.

The burden of this objection seems to be that the affidavit was made outside of the office of the justice of the peace and at his home. In other words, it is the claim of the appellant that the same was not docketed and placed on the docket of the justice of the peace at that time; that "it was not until after the search warrant was executed that a copy of the warrant was left with the said Justice of the Peace, and not until after the search was the cause docketed on the records of the Justice of the Peace."

We think that when the affidavit was made before the justice of the peace at his home, it was just as binding as though it had been made at his office. We also think that at the time the justice of the peace signed the search warrant at his home it was as valid as though he had been sitting in his office. It seems that the justice of the peace is not limited in the performance of his functions to his office alone; otherewise many of his acts, of course, would become invalid.

It is noted from the bill itself that "with the exception of the matters herein complained of and hereinafter shown, the search warrant is admittedly sufficient to authorize a search of the premises described."

Under our holding, the justice of the peace had a right to issue this search warrant at his home, and we think the bill of exception should be overruled.

In Cornelius on Search and Seizure, (2nd Edition) page 587, sec. 276, it is said:

"But, on the other hand, fact that no record was made of the action on the part of the magistrate finding that probable cause existed for the issuance of a search warrant, did not *effect* the validity of the search. It has been held that to constitute a filing of an affidavit it is not necessary that a record of the fact in a docket must be entered before a warrant can be lawfully issued. The court said in one case:

" 'All that the statute or the Constitution requires is that an affidavit particularly describing the place to be searched and the persons or things to be searched for shall first be filed; not that the magistrate shall have recorded the fact of such filing in his docket before a search warrant issues * * * if with the purpose to file it the affidavit was deposited with the officer charged with the duty to receive and place it on file, and was

received and retained by him for that purpose, in the office where the law requires such filing, it was sufficiently filed.' "

In Bill of Exceptions No. 2 it is claimed that the state's witnesses were confused as to the number of the house on 13th Street where the appellant's cafe was located. One witness seems to think it was 816 13th Street, while the other witness testified that the number of the house was 616 13th Street. This matter was a question for the jury to decide as to what the number of his cafe was. All the testimony showed that the place searched was the cafe of the appellant and was under his charge and control.

Bill of Exceptions No. 3 is ruled by what we have said as to Bill No. 2.

We think that Bill of Exception No. 4 is without merit.

The judgment of the trial court is accordingly affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant has filed a very earnest motion asking this court to grant a rehearing and reverse his case.

In the state of the record and under the evidence which we find in the statement of facts appellant's proper complaint might have been to object to the introduction of any evidence recovered as a fruit of the search by the officers. The basis of this would have been that the evidence showed a different place searched to that designated in the search warrant. Had this objection been made the state could then have reconciled the difference of opinion of the two witnesses as to the place, or it might have introduced additional testimony if it so desired. If a conflict existed it might have become the duty of the court to submit an issue of fact as to the street and number of the premises searched as a basis for the admission of this evidence. In this event the instruction should have been to acquit if the search was at a place other than that described in the search warrant.

Such question was not raised and it was not incumbent upon the court to give such charge. In the light of this we discuss the bills of exception as follows:

Bill of Exceptions No. 1 does complain of the admission of the evidence as to the fruit of the search but it bases this complaint not on the claim of a discrepancy between the search warrant and the evidence, but upon the validity of the search warrant, contending that because the search warrant was not issued on the basis of an affidavit filed in the office of the justice of the peace that it was invalid. This objection was properly discussed in the original opinion.

We quote from Bill of Exceptions No. 1 as follows: "The sole question presented by this bill is the alleged error of the court in admitting in evidence, over the defendant's objections, testimony of the two state's witnesses that as a result of the search made by them they found thirteen pints of whiskey alleged to have been possessed by the defendant for the purpose of sale. *It involves the validity of the search warrant prepared by officers of the Liquor Control Board, carried by them to the home of the Justice of the Peace, where all three copies of the search warrant were signed by the Justice of the Peace, then returned to the officers who executed the search,* who thereafter left one copy with the defendant, filed one with the County Clerk, and retained the third copy. *At the time of the search, no affidavit for search warrant was on file with the Justice and the case had not then been docketed.*" (Emphasis ours.)

The court properly overruled the objection to the evidence made on the above basis, as stated by appellant in his bill of exception. Having reached this conclusion it was not incumbent upon the court to give an instruction to the jury, as requested by appellant, to determine as a matter of fact which place was searched. This was immaterial because no objection was lodged against the evidence on that ground.

From Bill of Exception No. 2 we discover the purpose of the bill from the following language taken from the bill itself: "This bill relates to the alleged error of the trial court in refusing to give to the jury defendant's requested charge No. 4."

The following from Bill of Exception No. 3 properly interprets the purpose of said bill. "This bill represents the sole question of the alleged error of the trial court in refusing to give to the jury defendant's requested charge No. 1."

In like manner, the purpose of Bill of Exception No. 4 is

disclosed by the following language copied from said bill: "The question presented by this bill is the alleged error in Paragraph 2 of the Court's charge."

It is not always incumbent upon this court to discuss every question raised by the bills of exception or the arguments in the briefs of all cases. Frequently that would result in encumbering the reports with useless and even improper matter. The original opinion discussed the sole question which is the basis of all complaints found in the appeal. It did so without discussing the authorities relied upon by appellant because we did not then and do not now feel that they were pertinent to the issue. We repeat that the objection lodged against the introduction of the evidence in Bill of Exception No. 1 was based upon the theory that the search warrant was invalid. This cannot be sustained. If the objection had been on the ground that there was a variance between the evidence and the direction in the search warrant for the premises to be searched a different question would have been presented to the trial court and it would have become his duty to have that question determined by the jury.

We remain of the opinion that the judgment of the trial court should be affirmed and appellant's motion for rehearing is overruled.