John HOWARD, Appellant,

v.

UNITED STATES of America, Appellee.

No. 6939.

United States Court of Appeals Tenth Circuit.

July 5, 1962.

Oscar H. Beasley of Ertz, Beasley & Colberg, Albuquerque, N. M., for appellant.

John Quinn, U. S. Atty. (John A. Babington, Albuquerque, was with him on the brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and HILL, Circuit Judges.

HILL, Circuit Judge.

Appellant was convicted below for failure to pay the annual tax required of persons engaged in receiving wagers under 26 U.S.C.A. §§ 4411, 4412 and 7262. The only question presented is the trial court's refusal to suppress certain evidence offered by the government and admitted during the trial.

The record discloses that appellant was arrested by Albuquerque city police on a street of that city, after some days of surveillance, for the crime of vagrancy. The arresting officers were armed with a search warrant signed and issued by a state district judge under state law. At the time of the arrest the officers searched appellant's person and automobile, and subsequently executed the search warrant by a search of the premises described in the warrant. As a result of these searches certain gambling paraphernalia including racing forms, tally sheets of horse betting, race results, football pool cards, adding machine tapes, an address book and telephones with long extension cords were seized, and were the items covered by appellant's motion below to suppress evidence.

After the arrest and searches appellant was turned over to the United States for prosecution.

In support of his efforts to suppress evidence in the case, appellant contends: That the search warrant was illegally issued because an affidavit required by statute to procure the issuance of a search warrant did not appear in the files of the issuing court; and, that the city ordinance, under which appellant was arrested, is unconstitutional, thereby making the fruits of the arrest inadmissible.

The alleged invalidity of the search warrant, as contended by appellant, arises because the affidavit, required by the state statute for initiating the issuance of a search warrant, could not be found at the time of the hearing upon the Motion To Suppress. The testimony of Police Officer Smith, taken at the hearing, shows: That he signed such an affidavit before the state district judge, who issued the warrant, and in the presence of the state district attorney; that upon leaving the court room of such state judge the district attorney took possession of the affidavit and Smith left the court with the search warrant. At the time of the hearing below a substitute affidavit had been executed and was attached to the search warrant and offered and admitted into evidence without objection.

The New Mexico gambling law, Sec. 40–22–8 [1] requires the filing of

---

[1]. "Upon filing with any district judge having jurisdiction, of an affidavit in writing made by any citizen that gaming as prohibited by this act [40–22–1 to 40–22–12] is being conducted in any building, room, premises or place, describing the same sufficiently for identification, it shall be the duty of such officers with whom such affidavit is filed, to immediately issue a warrant commanding the peace officer to whom the same is addressed to forthwith enter and search such building, room, premises or place, and in the event it is being used for purposes prohibited by this act, he shall arrest without a warrant the parties therein or making their escape therefrom, who would be subject to arrest with a warrant, and take possession of any gambling paraphernalia, device or equipment found therein, and shall hold the same until deprived of the possession thereof by law and it shall be the duty of such officers to take the persons so arrested before some magistrate having jurisdiction and lodge the proper complaint

an affidavit with a state district judge as the first step for the securing of a search warrant. The affidavit is for the consideration by the judge and is a prerequisite to his issuance of a search warrant. From the evidence adduced below there is no question but what this requirement of the statute was met, such an affidavit was filed with and considered by the judge before the issuance of the search warrant. Appellant does not contend otherwise, nor does he attack the sufficiency of the affidavit. The statute provides only for the filing of the required affidavit and has no further directive as to the disposition of the same by the judge. As a matter of good judicial housekeeping it would seem that such an affidavit should be preserved, but, if it is lost or misplaced, as the facts here indicate, the search warrant and the proceedings leading to its issuance, otherwise in conformity with the statute, cannot be thereby invalidated.[2] We therefore conclude the search warrant was valid and the gambling paraphernalia seized under it was properly admitted into evidence.

Appellant's second point must be disposed of as a matter of procedure. The record before us, on this point, is not clear as there is no evidence showing whether Howard's arrest for vagrancy was made pursuant to the city ordinance in question or under a state statute defining such offense. The fact the arresting officers were armed with a search warrant issued under state law points to the conclusion such arrest was made under the state statute. In any event, the city ordinance under attack is not properly before us, although a purported copy of it does appear in appellant's brief. It was not before the court below as a matter of evidence nor was any

attempt made to put it into evidence. We cannot now, for the purpose of this appeal, consider it by judicial notice.[3]

We must conclude the Motion To Suppress was correctly denied.

Affirmed.

---

against each person so arrested." Sec. 40–22–8, N.M.S.A., 1953 Comp.

2. State v. Innocenti, 170 Wash. 286, 16 P.2d 439, 441; 79 C.J.S. Searches and Seizures § 76, p. 880.

3. Gardner v. Capital Transit Co., 80 U.S. App.D.C. 297, 152 F.2d 288; Choctaw, O.

& G. R. Co. v. Hamilton, C.C.E.D.Okla., 182 F. 117; Robinson v. Denver City Tramway Co., 8 Cir., 164 F. 174; 1 Wharton's Criminal Evidence (12th Ed.), § 47, pages 112–114, 20 Am.Jur., Evidence, § 37, p. 61.