**The STATE of Texas, Appellant,**

v.

**Thomas Scott BRADY and Marlan Hankin, Appellees.**

**Nos. 13–88–105–CR, 13–88–106–CR, 13–88–110–CR and 13–88–111–CR.**

Court of Appeals of Texas, Corpus Christi.

Dec. 15, 1988.

Ben Euresti, Jr., County Crim. Dist. Atty., Brownsville, for appellant.

Mike McNamara, Harlingen, for appellees.

Before BENAVIDES, UTTER and KENNEDY, JJ.

OPINION

BENAVIDES, Justice.

Appellees Brady and Hankin were each individually charged in four separate informations with promoting two allegedly obscene movies. The movies were seized under a search and arrest warrant issued by Justice of the Peace Tony Torres.

Before trial, appellees filed a motion to suppress the seized evidence. The trial court granted the motion. Pursuant to Tex.Code Crim.Proc.Ann. art. 44.01(a)(5) (Vernon Supp.1988), the State appealed the trial court's order suppressing the movies. Because the same allegedly invalid warrant is involved in all four cases, we will address the merits jointly in one opinion. We find no valid legal theory to suppress the evidence and reverse the order of the trial court.

The warrant issued by the Justice of the Peace was a preprinted form which referred to the supporting affidavit of investigator Gonzalez for the persons to be arrested, the place to be searched, and the objects to be seized. By incorporating the affidavit into the warrant, the Justice of the Peace authorized the police to enter a movie theatre, and search for and seize the movies "Squalor Motel" and "Vanessa." He also authorized the arrest of each "suspected party" named in the supporting affi-

davit. The affidavit described the suspected parties as "An individual who is believed to be Mr. Boyd, and is also believed to be the proprietor as well as an individual(s) who actually operates the movie projector whose name(s) are unknown to this Affiant."

Pursuant to the warrant, Gonzalez went to the movie theatre and seized "Squalor Motel" and "Vanessa Maid in Manhattan." He arrested Thomas Scott Brady and Marlan Hankin. Between the time that Justice Torres issued the warrant and the time that the warrant was executed, investigator Gonzalez, without the Justice's knowledge, replaced the name "Boyd" in the warrant with "Scott Brady." This alteration apparently occurred when Gonzalez discovered that Brady was the actual proprietor of the theatre.

Appellees filed a motion to suppress the two movies on the grounds that:

1) "Boyd" had been changed to "Brady,"
2) Boyd was neither the proprietor nor projectionist, and was unknown to the defendants,
3) No sworn affidavit was filed as required by the Texas Code of Criminal Procedure, and
4) "Vanessa Maid in Manhattan" was not one of the two movies identified in the warrant.

After hearing evidence on appellees' motion, the trial court entered an order suppressing the two movies. Although the State requested findings of fact and conclusions of law, the trial court concluded that he had no authority to issue findings. The State gave notice of appeal and now raises four points of error. If we determine that the trial court was correct on any theory presented in the motion, we will uphold the trial court's order.

In its first point of error, the State contends that the trial court erred in suppressing the seized movies because of investigator Gonzalez' alteration of the warrant. The State argues that Gonzalez altered the affidavit, not the warrant, and that the warrant should be judged as issued and not as executed.

It is not necessary for us to address all of the reasons advanced by the State to uphold the *seizure* because we ultimately hold that the alteration of the warrant had no effect on the *seizure* of the movies. This is so because the appellees' *arrest* did not produce any evidence. In deciding this point, we assume, but do not decide, that the alteration resulted in an illegal arrest.

■ An illegal arrest, however, will not vitiate a conviction unless it leads to the admission of evidence. *Stiggers v. State*, 506 S.W.2d 609 (Tex.Crim.App.1974). The search of the theatre, which produced the two movies, was not a search incident to appellees' arrest. The *search* was independently authorized by the combination search and arrest warrant issued by Justice Torres. A combination search and arrest warrant is valid under Texas law. *Pecina v. State*, 516 S.W.2d 401 (Tex.Crim.App. 1974). No portion of the affidavit or warrant applicable to the search was altered by investigator Gonzalez.

■ Where an officer recklessly or knowingly includes false information in his application for a warrant, the remedy is to strike the false portions. The sufficiency of the application is then judged by the remaining valid portions. *See Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); *Spencer v. State*, 672 S.W.2d 451 (Tex.Crim.App.1984).

■ Using the same analysis in the present case, the search warrant remains viable and supports the search for and seizure of the two movies. Investigator Gonzalez swore that he viewed the two movies. He described their contents in detail in his supporting affidavit, and that portion of the affidavit was not altered. Accordingly, it provides sufficient information to support the command to search and seize the movies. The State's first point of error is sustained.

■ In its second point of error, the State contends that the trial court was incorrect in suppressing the evidence if it did so because Mr. Boyd was neither the proprietor nor projectionist at the theatre. We sustain this point of error for the same

reasons that we sustained the State's first point of error. Assuming investigator Gonzalez either recklessly or falsely believed "Mr. Boyd" was the person he sought and we strike this portion of the affidavit, the remaining portions adequately support the *search*. Furthermore, as stated above, the suppressed evidence was not obtained as a result of appellees' *arrest*. The State's second point of error is sustained.

■■■ In its third point of error, the State contends that the warrant was not defective even though no sworn affidavit was filed as required by Tex.Code Crim. Proc.Ann. art. 18.01(b) (Vernon Supp.1988). Article 18.01(b) provides:

> No search warrant shall issue for any purpose in this state unless sufficient facts are first presented to satisfy the issuing magistrate that probable cause does in fact exist for its issuance. A sworn affidavit setting forth substantial facts establishing probable cause shall be filed in every instance in which a search warrant is requested. The affidavit is public information if executed.

The record shows that investigator Gonzalez prepared an affidavit in support of his request for a search and arrest warrant. As noted above, the affidavit described the two movies which Gonzalez viewed at the theatre. Gonzalez also attached to the affidavit a newspaper advertisement for the movies.

That affidavit was presented to Justice Torres, and he based his decision to issue the warrant on that affidavit. Justice Torres then returned the affidavit to investigator Gonzalez who placed it with the warrant. Gonzalez then executed and returned the "warrant" to Torres. Although the affidavit and an attached newspaper advertisement had been a part of the warrant, Gonzalez took these items back to his office.

Justice Torres testified at the suppression hearing that after a search warrant is signed, the Justice Court assigns the cause a number and the warrant is filed. He testified that the "warrant" was filed but that the original attachments were not.[1]

We agree with the State that Justice Torres' failure to "file" and retain the affidavit at the time the warrant was issued does not vitiate the warrant. Although we have not found a Texas case directly on point, a number of different jurisdictions have addressed the same or similar issues. Generally, courts consider the affidavit "filed" when it is presented to the magistrate, even though it is not marked "filed" until a later time. Even though the affidavit is returned to the investigator, absent some showing of harm to the accused; the failure to "file" and retain the affidavit has been considered a breach of the magistrate's ministerial duty which does not invalidate the warrant. *See Howard v. United States,* 306 F.2d 392 (10th Cir.1962); *Battani v. Grund,* 244 Iowa 623, 56 N.W. 2d 166 (1952); *Critelli v. Tidrick,* 244 Iowa 462, 56 N.W.2d 159 (1952); *State v. Innocenti,* 170 Wash. 286, 16 P.2d 439 (1932); *State v. Watson,* 1 S.W.2d 837 (Mo.1927); *Mowlan v. State,* 197 Ind. 517, 151 N.E. 416 (1926).

In Texas, a document is filed when delivered to the clerk, even though it may lack a file mark and date stamp, if it appears the document was filed but the clerk, through inadvertence or oversight, neglected to place a file mark on the document. *Timmons v. State,* 586 S.W.2d 509, 511 n. 5 (Tex.Crim.App.1979). In *Fowler v. State,* 156 Tex.Cr.R. 270, 240 S.W.2d 313 (1951), the defendant claimed that a search warrant was illegal because no affidavit for search warrant was on file. The Justice of the Peace was presented with the supporting affidavit at his home. He issued a warrant and returned the affidavit to the officers. Not until after the search was a copy of the warrant "left" with the Justice of the Peace or the cause docketed on the records of the Justice Court. The Court of Criminal Appeals found that the evidence was legally obtained.

---

1. In referring to the "warrant," the Justice of the Peace apparently drew a distinction between the affidavit and the document issued by him. In reality, the affidavit was incorporated into the warrant, but the affidavit portion was not "filed."

The record in the present case is uncontroverted. The affidavit was presented to Justice Torres. He considered the affidavit before issuing the warrant. Appellant has not shown that he was harmed by the failure of the Justice of the Peace to file mark the affidavit, and retain it in his possession. The State's third point of error is sustained.

The State's fourth point of error concerns the seizure of the movie "Vanessa Maid in Manhattan." Appellees argue that the seizure exceeded the scope of the warrant which authorized the seizure of a movie titled "Vanessa," claiming that the specific and longer title was required in the warrant since Gonzalez had the opportunity to know the specific name of the movie. The State contends that the trial court erred if it suppressed the movie on this ground. Appellee argued in the trial court that the First Amendment required specificity in the warrant.

 The constitutional requirement that warrants must particularly describe the "things to be seized" is to be accorded the most scrupulous exactitude when the "things" are protected by the First Amendment. *Stanford v. Texas*, 379 U.S. 476, 85 S.Ct. 506, 13 L.Ed.2d 431 (1965). Allegedly obscene movie films fall within the ambit of the First Amendment. *Roaden v. Kentucky*, 413 U.S. 496, 93 S.Ct. 2796, 37 L.Ed. 2d 757 (1973).

 We find that the warrant contained a sufficiently detailed description of the movie to be seized. As noted above, the movie was advertised in the newspaper as "Vanessa," not "Vanessa Maid in Manhattan." We find that in preparing his affidavit, investigator Gonzalez was justified in relying upon the title of the movie as advertised, and that no further specificity was required.

Furthermore, it appears that the phrase "Maid in Manhattan" may be a subtitle to the movie "Vanessa." If so, we do not find that the specific subtitle had to be stated in the warrant. *Cf. Garcia v. State*, 633 S.W. 2d 611 (Tex.App.—El Paso 1982, no pet.). The State's fourth point of error is sustained.

 In addition to the points of error raised by the State, we find that the trial court may have erred because it appears that appellees may not have established their standing to challenge the search. *See McInnis v. State*, 657 S.W.2d 113 (Tex.Crim.App.1983). We cannot find from the record that appellee Hankin had any financial, proprietary, possessory, or other interest in the theatre or anything located inside the theatre, and only through the testimony of investigator Gonzalez can we infer that appellee Brady was the proprietor of the theatre. Appellees must establish their standing before they can complain about the search. *McInnis*, 657 S.W. 2d at 114. In *McInnis*, the Court of Criminal Appeals found that the Houston Court of Appeals had unnecessarily considered the validity of the warrant because the defendant had not shown his standing. *McInnis*, 657 S.W.2d at 114. Viewing the evidence in the light most favorable to the trial court's ruling, it would appear that only appellee Brady had standing to challenge the search. Accordingly, appellee Hankin is not in a position to have the evidence suppressed.

Therefore, in addition to our holdings above, the trial court erred in suppressing the movies in the cases pending against appellee Hankin because he has not established standing.

 Appellees, in response to the State's points, contend that the trial court was correct in suppressing the evidence. In so doing, they contend that the affidavit supporting the warrant did not state sufficient facts showing probable cause. Specifically, appellees contend no facts were presented in the affidavit to show that the appellees knew the contents of the material, an element necessary to committing an offense. Appellees rely on *McInnis v. State*, 634 S.W.2d 912 (Tex.App.—Houston [1st] 1982). The Houston Court's decision, however, was reversed in *McInnis v. State*, 657 S.W.2d 113, when the Court of Criminal Appeals found that the defendant lacked standing to challenge the search and that he was not harmed by the arrest.

We disagree with the language by the Houston Court in *McInnis* insofar as it

would require the affiant to state that the appellees knew the content of the material to show probable cause that an offense was committed in order to obtain a search warrant for obscene materials. Where a search warrant is issued under Tex.Code Crim.Proc.Ann. art. 18.01(c) (Vernon Supp. 1988) for items described under Tex.Code Crim.Proc.Ann. art. 18.02(10) (Vernon Supp.1988), or under art. 18.01(f), the *search* warrant affidavit must establish probable cause to show that a specific offense has been committed. Here the warrant was issued for obscene materials as allowed by Tex.Code Crim.Proc. art. 18.-02(6) and the affidavit provided probable cause for the issuance of a search warrant for such materials. While a showing of the knowledge of the contents of the material might be required for an *arrest* warrant such showing is not necessary for a search warrant under the facts presented here.

Furthermore, appellees did not present this ground for suppressing the evidence in their motion to suppress, and it is improper to raise this additional ground for suppression on appeal.

The State's points of error are sustained. All of appellees' cross-points are overruled. The orders of the trial court suppressing the evidence are reversed, and the cause is remanded to the trial court.