In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00109-CR


______________________________




RAYMOND L. SEARCY, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 76th Judicial District Court


Camp County, Texas


Trial Court No. CF-00-7218




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Raymond Searcy appeals his conviction by a jury for possession of cocaine in an amount less
than one gram. The jury assessed his punishment at one year's imprisonment in a state jail facility
and a $2,500 fine. On appeal, Searcy contends the trial court erred in overruling his motion to
suppress the cocaine.

 At a suppression hearing, the trial court is the exclusive trier of fact and judge of the
credibility of the witnesses and the weight of their testimonies. Green v. State, 934 S.W.2d 92, 98
(Tex. Crim. App. 1996). Therefore, an appellate court must view the record and draw all reasonable
inferences in the light most favorable to the trial court's ruling. Villarreal v. State, 935 S.W.2d 134,
138 (Tex. Crim. App. 1996). Further, the appellate court must sustain the trial court's ruling if it is
reasonably supported by the record and is correct on any theory of law applicable to the case. Id.;
Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).

 The general rule is that an appellate court should afford almost total deference to a trial
court's determination of the historical facts the record supports, especially when the trial court's fact
findings are based on an evaluation of credibility and demeanor. Guzman v. State, 955 S.W.2d 85,
89 (Tex. Crim. App. 1997). We are also to afford such deference to a trial court's ruling on the
"application of law to fact questions" if the resolution of those ultimate questions turns on an
evaluation of credibility and demeanor. Id. Application of law to fact questions not turning on
credibility and demeanor may be reviewed by appellate courts de novo. Id. Here, the facts are
undisputed, so the proper standard of review is de novo.

 Searcy contends the trial court erred in overruling his motion to suppress because the
affidavit underlying the search warrant is insufficient. The suppression hearing records reveal police
obtained a warrant to search the apartment of Latania Champion and other persons unknown, who
were alleged to be "IN CHARGE OF AND [in control of]" the apartment. The affidavit is based on
information provided to police by a confidential informant. 

 Police executed the search warrant and encountered Searcy in the living room of the
apartment. Officer Fred Cook testified he handcuffed Searcy's hands behind his back and kept him
in the living room area. He testified he witnessed Searcy remove a brown, cylindrical object from
his right side pocket and that Searcy "pitched it" next to the couch. The object contained the cocaine. 

 Searcy contends the affidavit is insufficient because it contains no basis from which the
magistrate could determine whether the information in the affidavit was reliable. Specifically, he
alleges the affidavit contains no information corroborating the information provided by the
confidential informant.

 The State alleges Searcy does not have standing to challenge the warrant. The purpose of
both the Fourth Amendment to the United States Constitution and Article I, § 9 of the Texas
Constitution "is to safeguard an individual's legitimate expectation of privacy from unreasonable
governmental intrusions." U.S. Const. amend. IV; Tex. Const. art. I, § 9; Villarreal, 935 S.W.2d
at 138. An accused has standing to challenge the admission of evidence obtained by a governmental
intrusion only if he or she had a legitimate expectation of privacy in the place invaded. Rakas v.
Illinois, 439 U.S. 128, 143, 99 S.Ct. 421, 58 L.Ed.2d 387, 401 (1978); Villarreal, 935 S.W.2d at 138. 
A subjective expectation of privacy is treated as being legitimate if it is one society is prepared to
recognize as reasonable. Rakas, 439 U.S. at 143 n.12; Villarreal, 935 S.W.2d at 138. In applying
this analysis, the Fourth Amendment protections are available if the defendant's expectation of
privacy has a source outside the Fourth Amendment "either by reference to concepts of real or
personal property law or to understandings that are recognized and permitted by society." Rakas,
439 U.S. at 143 n.12.

 Privacy interests are an element of a Fourth Amendment claim the defendant has the burden
of proving. Villarreal, 935 S.W.2d at 138. This is so because Fourth Amendment rights are
personal in nature and are so intertwined with the concept of standing that a defendant's privacy
interests in the premises searched are an element of his Fourth Amendment claim. Wilson v. State,
692 S.W.2d 661, 667, 669 (Tex. Crim. App. 1984) (op. on reh'g).

 A court of appeals may consider the issue of standing regardless of whether the parties raise
the issue. In McDuff v. State, 939 S.W.2d 607, 616 (Tex. Crim. App. 1997), the appellant contended
that because the State had failed to contest standing in the trial court, it was precluded from raising
standing on appeal. The Texas Court of Criminal Appeals held "a reviewing court 'may properly
sustain the trial court's denial on the ground that the evidence failed to establish standing as a matter
of law, even though the record does not reflect that the issue was ever considered by the parties or
the trial court.'" Id. (quoting Wilson, 692 S.W.2d at 671).

 In Lewis v. State, 664 S.W.2d 345, 347-48 (Tex. Crim. App. 1984), the Court of Criminal
Appeals sua sponte raised and considered the issue of automobile passengers' standing to challenge
the search of a vehicle. In McInnis v. State, 657 S.W.2d 113, 114 (Tex. Crim. App. 1983), the Court
of Criminal Appeals held the court of appeals erred by considering whether the affidavit for a search
warrant was legally sufficient when the defendant had not established, either directly or indirectly,
that he had standing to complain about the search warrant or its execution. Similarly, in State v.
Brady, 763 S.W.2d 38, 42 (Tex. App.Corpus Christi 1988, no pet.), the court cited McInnis in
holding that in addition to the points of error raised by the State, one of the appellants did not have
standing to challenge the legality of a search.

 The State in this case did not raise the issue of standing in the trial court. However, Searcy
had the burden of demonstrating standing before the trial court. Villarreal, 935 S.W.2d at 138. 
Reviewing the record from the suppression hearing, we conclude Searcy failed to carry his burden. 
The record shows Searcy was at the apartment when police executed the search warrant. He offered
no evidence showing the apartment was rented in his name or that he otherwise had a privacy interest
in the apartment.

 Searcy also does not have standing to complain about the search based on a possessory
interest in the container in which the cocaine was found. Such an interest may confer standing on
a person to challenge the seizure of the property. Rakas, 439 U.S. at 148; Meeks v. State, 692
S.W.2d 504, 510 (Tex. Crim. App. 1985); see also Goodwin v. State, 799 S.W.2d 719, 725 n.2 (Tex.
Crim. App. 1990) (finding passenger had standing based on his claim to ownership of "certain
luggage" seized from vehicle). However, the record does not show Searcy ever asserted such an
interest in the container.

 To the extent Searcy complains about a search resulting from an illegal detention, however,
he has standing to make such a contention. See Lewis, 664 S.W.2d at 348. The relevant question
is whether the search was by exploitation of the illegal detention or "by means sufficiently
distinguishable to be purged of the primary taint," assuming the detention was illegal in the first
instance. Id. (quoting Wong Sun v. United States, 371 U.S. 471, 487-88, 83 S.Ct. 407, 9 L.Ed.2d
441, 455 (1963)).

 In the present case, assuming the detention was illegal, there was no search; rather, Cook
testified he saw Searcy remove the container from his pocket and that Searcy "pitched it" near the
couch. Therefore, the discovery of the cocaine was not made by exploiting an illegal detention,
assuming the detention was illegal in the first instance.


 The judgment is affirmed.





 Ben Z. Grant

 Justice


Date Submitted: March 5, 2002

Date Decided: March 6, 2002


Do Not Publish