### L. D. CAMMACK V. THE STATE.

No. 9601.  Delivered January 13, 1926.

**1.—Manslaughter—Evidence—Erroneously Excluded.**

Where on a trial for murder, resulting in a conviction of manslaughter, the defensive theory of appellant being that the homicide

was precipitated by his seeking the deceased for the purpose of discussing with him rumors in the neighborhood involving deceased and a Mrs. Boles, sister of appellant, it was error to exclude conversation between appellant and his sister Mrs. Boles and her husband and appellant's unmarried sister Miss Mary Cammack, with reference to appellant seeking a friendly conversation with deceased, in regard to the rumor.

**2.—Same—Evidence—Opinion of Witness—Properly Excluded.**

No error is shown in the exclusion of the testimony of Mrs. Boles, sister of appellant, as to the reason and purpose of her husband, Claud Boles, in going to Choice, the place of the homicide, on the morning of its occurrence, said proposed testimony only involving the opinion and conclusion of said witness.

**3.—Same—Charge of Court—Held, Erroneous.**

Where in the instant case, the state relying on the theory of a conspiracy between appellant and several others, jointly indicted with him, and the court having charged on the law of principals, it was error to fail to charge affirmatively the converse of the law of principals, embracing appellant's theory that his only purpose in seeking deceased was to request him to cease visiting the premises of his brother-in-law Calvin Boles, in his absence..

Appeal from the District Court of Shelby County. Tried below before the Hon. R. T. Brown, Judge.

Appeal from a conviction of manslaughter, penalty two years in the penitentiary.

The opinion states the case.

*Sanders & Sanders* and *Davis & Davis,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant and Calvin Boles, Elbert Boles and Claude Boles were charged jointly by indictment with the offense of murdering W. R. Cook, by shooting him with a gun, and upon severance being granted, the appellant was convicted in the district court of Shelby County of the offense of manslaughter, and his punishment assessed at two years in the penitentiary.

It was the contention of the State that the defendants in the indictment had entered into an agreement and understanding for the appellant to go to the store of the deceased and call him out, and that the other defendants named in the indictment were to assemble, and that they would kill the deceased under the pretext of insulting conduct of the deceased

toward the wife of Calvin Boles, the sister of the appellant in this case, and that appellant was engaged with the other defendants fighting deceased when he was killed by Calvin Boles.

It was the contention of the appellant that Calvin Boles and his wife, the appellant's sister, and himself had a conversation on Sunday evening prior to the homicide on the following Tuesday morning, in which the said Boles and his said wife had requested the appellant to see the deceased and inform him of some rumors and disgraceful talk about the wife of the said Boles and the deceased, and to request the deceased to desist from visiting the house and premises of said Calvin Boles in his absence; and that his approaching the deceased and calling him out was only for the purpose of talking to him relative to said matters; that he believed in the innocence of his sister, and was on the friendliest terms with the deceased, and had no knowledge that there was any intention of any of the defendants to kill or injure the deceased until after the shooting, when he heard Calvin Boles inform the deceased's wife that he killed the deceased because he, the deceased, had ruined his home.

There are many objection raised to the court's charge and bills of exceptions taken in the trial, to the admission or rejection of testimony, but we deem it necessary to discuss only such questions raised by the record which we think show error in the trial, and which are likely to arise upon another trial herein.

The appellant by proper bills of exceptions complains of the action of the trial court in not permitting him to show by his sister, Miss Mary Cammack, and in not permitting him to testify to the conversations on Sunday evening prior to the homicide on the following Tuesday morning, betweeen Calvin Boles, his wife, and himself, relative to the gossip in the neighborhood concerning the deceased and said Mrs. Calvin Boles, and the entire conversation concerning said matters. We think this testimony and conversations pertaining thereto at said time were admissible in behalf of the appellant for the purpose of showing his innocent intentions and in seeking to have a friendly conversation with said deceased; and was also admissible to rebut the theory and contention of the State that the appellant was in a conspiracy with the other defendants to take the life of the deceased, and that his presence and actions at the scene of the homicide were a part thereof.

We also think the court erred in permitting the wife of the deceased to testify, over the objection of the appellant, that the telephone conversation between appellant and Attorney Sanders, at Center, was charged to her and she had paid it, and no one had ever paid her back said telephone dues. We think this evidence as to her paying the said dues and no one having ever reimbursed her therefor is wholly irrevelant and immaterial to any issue in the case.

Complaint is made to the action of the court in refusing the appellant to show by the wife of Claude Boles the reason and purpose of her husband in going tò Choice, the place of the homicide, on the morning of its occurrencee. There is no merit in this contention, as it is plainly shown from the bill that said proposed testimony, if admitted, would only involve an opinion and conclusions of said witness, and in no way binding on the state.

Appellant further complains of the charge of the court in not charging the converse of the law of principals and his presence at the scene of the homicide, and in effect a failure to charge the jury that although the appellant was at the place of the homicide, but that if he did not know of the intentions of any of his co-defendants to kill the deceased or to inflict upon him serious bodily injury, and that his purpose was only for the purpose of having a friendly talk with the said deceased with reference to the rumors and reports against him and his sister, or if they had a reasonable doubt thereof, to acquit him. We think that the appellant's contention and criticism to the charge of the court is well founded in this particular, and that the court should have charged the jury the converse of the law of principals and charged in an affirmative way the appellant's defense, which was clearly raised by his own testimony to the effect that his only purpose was to see and talk to the deceased and to request him to desist from visiting the premises of Calvin Boles in his absence, and was trying to separate them at the time of the homicide, or if they had a reasonable doubt thereof, to acquit him.

For the reasons above stated we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals, and approved by the Court.