**Fred Ernest HITCHCOCK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37789.**

Court of Criminal Appeals of Texas.

March 10, 1965.

Rehearing Denied April 14, 1965.

Louis Dugas, Jr., Orange, for appellant.

James A. Morris, County Atty., Roy Wingate, Asst. County Atty., Orange, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is drunk driving; the punishment, 30 days in jail and a fine of $150.

We adopt the statement of the evidence from appellant's brief.

"Officer Shoemake testified he had followed Appellant for some distance; that appellant was stopped and arrested for driving while intoxicated and that appellant was intoxicated. Officer Blood concurred in the testimony concerning the intoxication of Appellant. Officer Shoemake further testified Appellant had given a sample of his urine.

"Henry Branham, Chemist employed by the Department of Safety, testified as to the results of the test and that in his opinion appellant was intoxicated. * * * The Appellant did not testify."

Reversal is sought alone upon the contention: "it was error for the Court to fail

to charge the converse of the State's case."

The charge instructed the jury that if they found beyond a reasonable doubt that appellant was intoxicated or under the influence of intoxicating liquor and while so intoxicated, or under the influence of intoxicating liquor, he drove and operated a motor vehicle upon a public highway as charged, to convict. Elsewhere in the charge the jury was instructed that the defendant is presumed to be innocent; that the burden of proof was on the state and "in case you have a reasonable doubt as to defendant's guilt you will acquit him * *."

In the absence of any affirmative defense, no further charge on the converse of the state's case was required.

The judgment is affirmed.