**Ruben Garcia REYES, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–84–282–CR.**

Court of Appeals of Texas,
Corpus Christi.

March 28, 1985.

Rehearing Denied April 25, 1985.

Joseph Connors, III, McAllen, for appellant.

Theodore Hake, Dist. Atty's Office, Edinburg, for appellee.

Before BISSETT,[1] UTTER and KENNEDY, JJ.

## OPINION

BISSETT, Justice (Retired).

This is an appeal from a conviction for murder. Appellant was charged by indictment that he did:

"then and there intentionally and knowingly cause the death of an individual, FRANCISCO BLAS LUNA, by shooting the said FRANCISCO BLAS LUNA with a firearm, and by cutting the throat of said FRANCISCO BLAS LUNA with a knife."

He was tried and found guilty by a jury, and punishment was assessed at ninety-nine years' imprisonment.[2]

Joel Villarreal testified that Roel Reyes (a brother of appellant) telephoned him about 3:00 p.m. on September 23, 1983. Joel had known Roel for eight to ten years. Roel came over to Joel's house about 3:30 and knocked on the door. Joel opened the door for him, and Roel came in and sat down. Joel was getting dressed, "and the next thing I know, he [Roel] had a gun at my head." Roel pointed the gun at Joel and told him to sit down. Joel asked what was going on, and Roel responded: "You'll see." The next thing that happened "was there's a knocking at the door again, and he [Roel] told me to get the door." Joel did so, and appellant was at the door. Appellant came in, went through "my drawers and stuff, and found my gun." Appellant told Joel Villarreal to get dressed, "that we were going for a ride." Joel, Roel and appellant then walked outside and went to Joel's car. Roel got in the car with Joel, and appellant got in his (another) car.

Joel was driving his car as Roel held the gun on him, and appellant followed in the other car. They drove their car to Frank Luna's house, where Luna got into the car with Joel and Roel. They (Joel and appellant still in separate cars) drove around some more and, at one point, stopped for gas. At the gas station, appellant told Roel that, if Joel or Frank "moved or tried anything funny, to gut [them]."

The group ultimately proceeded to Tom Gill Road. At some point between the gas station and Tom Gill Road, appellant got into the car with Joel, Roel and Luna. After driving to where a bus was parked on Tom Gill Road, Joel Villarreal parked about fifty to sixty feet in the driveway of the

---

1. Associate Justice (Ret.), Court of Appeals, Thirteenth Supreme Judicial District, sitting by designation. TEX.REV.CIV.STAT.ANN. art. 1812(d) (Vernon Supp.1985).

2. Appellant was also separately indicted for the offenses of 1) the aggravated kidnapping of Joel Villarreal, 2) the attempted murder of Joel Villarreal, and 3) the aggravated robbery of Fran-

cisco Blas Luna. At appellant's request, the four causes were consolidated for trial. Appellant was convicted of all four of the offenses and has brought forth separate appeals, all of which are now before this court (our cause numbers 13–84–282–CR, 13–84–280–CR, 13–84–281–CR and 13–84–283–CR, respectively).

area. Then, "They—Ruben [appellant] took my wallet, my watch, my buckle. Then he—\* \* \* took Frank's—." Joel testified that this was outside the car, and that appellant told Roel: "We're going to make it look like a robbery." Roel did not respond. Roel was holding Joel's gun to Frank. Appellant had handed that gun to Roel without saying anything.

Joel Villarreal also testified that "They—we proceeded to go to where the bus was at." Joel was taken around to the side of the bus. "All four of us traveled together." When they got to the side of the bus, was some black rope and, at appellant's direction, "Roel tied us up with that rope." After being tied up, according to Joel, Roel forced him to kneel "By pointing the gun at us."

Appellant then gave Roel a knife and whispered to him, following which, "Roel got behind Frank and slit his throat." Next, Joel testified that appellant "walked on the other side of the bus, and Roel was just looking at Frank, and about two minutes later, Roel got up. Went and talked with [appellant]. I don't know what they talked about. And the next thing I know, Roel came out with my 357 and shot me." Joel was shot in the neck. As he was falling, Joel heard another shot. Joel then passed out.

Frank Luna's body was later found at the scene, face down, with his hands tied behind his back, with a cut across the throat from ear to ear and with blood on the neck and head. An autopsy showed the cause of death to be a gunshot wound to the back of the head.

■ Appellant, in his first four grounds of error, contends that the trial court's application of law of parties in its charge to the jury constituted reversible error. In his fifth and sixth grounds of error, he attacks the sufficiency of the evidence to support the conviction. The trial court charged the jury that:

"Each party to an offense may be charged with commission of the offense. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or both. A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, aids, or attempts to aid the other person to commit the offense. Mere presence alone will not constitute one a party to the crime.

Therefore, if you believe from the evidence beyond a reasonable doubt that the Defendant either by his own conduct or, acting with intent to promote or assist the commission of the offense, solicited, encouraged, directed, aided or attempted to aid Roel Reyes to commit the offense charged, as defined above, you will then find the Defendant guilty of the offense charged. If you do not so believe, or if you have a reasonable doubt thereof, you will find the Defendant not guilty."

Appellant first contends that the trial court erred in refusing to give the following requested instruction on parties:

"You are further instructed that the mere presence of Defendant RUBEN GARCIA REYES at the scene of the murder, if any, of FRANCISCO LUNA, would not constitute the defendant criminally responsible as a party to the offense, if any, and if you should find from the evidence beyond a reasonable doubt that someone other than the defendant did then and there commit the said murder of said FRANCISCO LUNA as aforesaid, but you further find and believe from the evidence, or you have a reasonable doubt thereof, that the Defendant RUBEN GARCIA REYES

1) did not at the time and place in question possess an intent to promote or assist the commission by some other person or persons of the murder offense charged in the indictment herein, or

2) did not agree to or solicit, encourage, direct, aid, or attempt to aid either some other person or persons, in the commission of said murder,

then you will find the Defendant RUBEN GARCIA REYES 'Not Guilty' of the offense of murder as charged in the indictment herein."

Appellant asserts that the court "failed to charge on appellant's affirmative defense that the jury must acquit although the appellant was at the place of Francisco Luna's murder, if his purpose was not criminal, or if the jury had a reasonable doubt thereof." Apparently, appellant's thrust of this ground of error is that the trial court failed to give a converse charge of the issue. However, when explaining the requested charge to the court, appellant's attorney explained:

"MR. RAMON: Number 23, Your Honor, is on the converse of the law of parties, that if he did not, in anyway, do these things, that he's got to be found not guilty."

We believe that appellant's requested charge was little more than a restatement of the charge given by the court. While it is true that it was "converse" to the charge on parties given by the court, it was not a converse charge on an affirmative defense. *See Hitchcock v. State*, 388 S.W. 428 (Tex.Crim.App.1965); *Barton v. State*, 361 S.W.2d 716 (Tex.Crim.App.1962); *Patterson v. State*, 297 S.W.2d 183 (Tex.Crim.App.1957). Appellant is attempting to create a converse charge on an affirmative defense of mere presence at the scene of the offense out of a requested charge on parties. First, we do not believe that such alleged error was preserved. Second, even if preserved, we find that appellant's request did not amount to a "converse" charge on the affirmative defense.

■ We find that the charge given on parties adequately protected appellant's rights. Furthermore, we find no error in the trial court's refusal to grant the instruction. *See LeDuc v. State*, 593 S.W.2d 678 (Tex.Crim.App.1980). Appellant's first ground of error is overruled.

Appellant next contends that the trial court erred in submitting a charge which allowed the jury to convict appellant only if they found he acted alone. Appellant is complaining of Paragraph III of the court's charge which stated:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 23rd day of September, 1983 in Hidalgo County, Texas, the Defendant, RUBEN GARCIA REYES, did intentionally or knowingly cause the death of an individual, FRANCISCO BLAS LUNA, by shooting him with a firearm as set forth in the indictment, then you will find the defendant, RUBEN GARCIA REYES, guilty of murder, as charged in the indictment.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt as to whether the defendant is guilty of murder, then you will acquit him.

The charge on parties given by the court was contained in the body of the charge immediately following Paragraph VIII.

At trial, appellant's attorney made the following objection to Paragraph III of the charge:

"MR. RAMON: Yes, Your Honor. The Defendant again would object because the Charge in this case fails to apply the law of parties to the facts in the case. We would request that the Court substitute Paragraph III on Page 1, omit it, and substitute the following instruction, which we would like to dictate at this time. 'Now, if you find from the evidence beyond a reasonable doubt, that on or about the 23rd day of September, 1983, in Hidalgo County, Texas, the Defendant, Ruben Garcia Reyes, either acting alone, or by soliciting, encouraging, directing, aiding, or attempting to aid, Roel Reyes, did intentionally or knowingly, cause the death of an individual, Francisco Blas Luna, by shooting him with a firearm, as set forth in the indictment, then you will find the Defendant, Ruben Garcia Reyes, guilty of murder, as charged in the indictment.' We feel, Your Honor, that this particular charge that was dictated, properly applies the law of parties to the offense of murder, and that it should be granted, and we ask

for a ruling of the Court at this time." [Emphasis ours.]

■ Appellant, for the first time, on appeal, raises his contention that the charge allowed him to be convicted under a theory which is not supported by the evidence. While it is important to note that appellant's requested charge would also have allowed the jury to find appellant guilty for his conduct "acting alone," it is appellant's failure to apprise the trial court of this complaint that is dispositive of this ground of error. *Carrillo v. State,* 591 S.W.2d 876 (Tex.Crim.App.1979). We find that the charge, as given, was not calculated to injure appellant's rights and that it did not, in fact, deny him a fair trial. Appellant has waived review of this ground. *See Carrillo.* Furthermore, when read as a whole, the charge is sufficient to charge the jury on the law of parties. *See Inman v. State,* 650 S.W.2d 417 (Tex.Crim.App. 1983), *Segundo v. State,* 662 S.W.2d 798 (Tex.App. Corpus Christi 1983 pet ref'd). Appellant's second ground of error is overruled.

Appellant, in his third and fourth grounds of error, contends that the trial court erred in overruling his oral objection to Paragraph III of the charge, and that the court erred in refusing his orally requested charge to be substituted in its place. (Both the objection and the request are set out above in our discussion of appellant's second ground of error.) These grounds of error are also overruled.

■ Appellant next complains that the evidence is insufficient to support his conviction. In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State,* 663 S.W.2d 455 (Tex.Crim.App.1984). As we have already set out the facts of this case, we see no need to further elaborate on them at this time. We have reviewed the evidence and find it sufficient to support the jury's finding. Appellant's fifth and sixth grounds of error are overruled.

■ Appellant's seventh, eighth and ninth grounds of error attack the trial court's action in refusing to grant appellant's motion to suppress the arrest warrant, the court's admission of State's Exhibits 26, 28 and 30 (allegedly fruits of appellant's illegal arrest), and its actions in considering evidence to support the granting of the arrest warrant which went beyond the four corners of the affidavit supporting the issuance of that warrant. State's Exhibits 26, 28, and 30, respectively, are: 1) trousers; 2) a blue knit shirt; and, 3) a pair of blue thongs.[3] On appeal, appellant asserts the affidavit complaint, on which the arrest warrant was issued, was inadequate under both federal and Texas law. The complaint sets forth:

"IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

I, *Larry E. Norris,* do solemnly swear that I have good reason to believe, and do believe and charge, that heretofore, on the *24* day of *September,* A.D. 19*83,* in the County of Hidalgo and State of Texas, *Ruben Reyes* hereinafter called Defendant, did then and there intentionally and knowingly cause the death of an individual, Frank Luna by shooting him with a gun and cutting his throat with a knife; and the said Ruben Reyes did then and there intentionally cause the

---

3. A small amount of human blood was found on State's Exhibit 28. In addition, these exhibits coupled with testimony elicited at trial provide a nexus between appellant and the time and place of the offense. Under the facts presented by this record and in light of the combined nature of the trial, for all four offenses, we believe that appellant has demonstrated the prejudice which admission of these exhibits at trial would entail. We therefore find that appellant has preserved review of the validity of arrest warrant under the standard set forth in *McInnis v. State,* 657 S.W.2d 113 (Tex.Crim.App. 1983) and *Colston v. State,* 470 S.W.2d 890 (Tex. Crim.App.1971). *See Prior v. State,* 647 S.W.2d 956 (Tex.Crim.App.1983).

death of said Frank Luna in the course of committing robbery."[4]

Larry E. Norris is an investigator with the Hidalgo County Sheriff's Department.

■ Appellant asserts that the affidavit of Officer Norris, standing alone, is insufficient to support a magistrate's determination that probable cause existed to issue an arrest warrant for appellant. We agree. However, under all of the facts presented by the record, we conclude that the magistrate possessed other facts which, coupled with the contents of the affidavit, justified that issuance of an arrest warrant.

Standing alone, the affidavit before us consists of nothing more than a conclusion that appellant committed the described offense. The actual basis for this conclusion or an allegation that the complainant has personal knowledge that appellant committed the offense is lacking from the complaint. *See Knox v. State*, 586 S.W.2d 504 (Tex.Crim.App.1979). Appellant asserts that, in order to justify the issuance of an arrest warrant, the complaint itself must set forth information which would establish probable cause.

■ The "four corners" rule, with regard to the issuance of an arrest warrant, under Texas law, appears to arise out of the Supreme Court's decision in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). *Barnes v. State*, 390 S.W.2d 266 (Tex.Crim.App.1965) perhaps best demonstrates this inception. Upon initial submission, the Court of Criminal Appeals held that an affidavit similar to that before us today was sufficient to support the issuance of an arrest warrant. However, as set forth in the dissenting opinion on Appellant's Motion to Vacate Judgment, on June 15, 1964, the Supreme Court reversed the case of *Aguilar v. Texas;* this opinion being dispositive of the issues presented in *Barnes*. Certiorari was subsequently granted in *Barnes*, and the cause was remanded to the Court of Criminal Appeals (*Barnes v. Texas*, 380 U.S. 253, 85 S.Ct. 942, 13 L.Ed.2d 818 [1965] ). The

judgment of conviction was subsequently reversed.

*Lowery v. State*, 499 S.W.2d 160 (Tex. Crim.App.1973) and *Evans v. State*, 530 S.W.2d 932 (Tex.Crim.App.1976) apply the Supreme Court's opinion in *Aguilar, Barnes*, and *Whiteley v. Warden, Wyoming State Penitentiary*, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1970), to arrive at the point where the "four corners" rule is applicable in Texas to affidavits used to secure an arrest warrant. While we can find no Texas case which directly addressed the issue under facts similar to those now before us, we have examined *Aguilar* and *Whiteley* and have concluded that the use of additional information not contained in an affidavit used to secure an arrest warrant is permissible, under federal constitutional standards, to sustain the arrest warrant.

■ In *Aguilar*, the court suggested that information which a magistrate may use to establish probable cause, other than that set forth in the affidavit, is permissible under the rights afforded by the U.S. Constitution. *Aguilar*, 378 U.S. 108, 109 n. 1, 84 S.Ct. 1509, 1511 n. 1. The same implications are present in *Whiteley*, 401 U.S. 560, 565 n. 8, 91 S.Ct. 1031, 1035 n. 8. In U.S. ex rel. *Gaugler v. Brierley*, 477 F.2d 516 (3rd Cir.1973), the court expressly stated:

"The Fourth Amendment does not require that a sworn statement in support of an application for a search warrant must be reduced to writing. See *Sherrick v. Eyman*, 389 F.2d 648, 652 (9 Cir.), cert. denied, 393 U.S. 874, 89 S.Ct. 167, 21 L.Ed.2d 144 (1968).

The Fourth Amendment requires only that the judicial officer issuing a search warrant be supplied sufficient information, under oath or affirmation, which would support an independent judgment that probable cause exists for the warrant's issuance."

---

4. While appellant was arrested based upon an arrest warrant for capital murder, separate arrest warrants for the offenses of attempted capital murder and aggravated kidnapping were also issued.

The same rules govern the issuance of an arrest warrant; the controlling requirement is that the magistrate have sufficient information at the time the arrest warrant is issued.

Finally, in an attempt to clarify its position, in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the Court abandoned the *Aguilar* test in favor of a "totality of the circumstances" approach. *Gates* expressly allowed the magistrate to consider additional information provided it through sources other than an affidavit (an anonymous letter).

■ It appears that the rigid "four corners" standard, regarding affidavits used to secure *arrest warrants*, arose in Texas out of the Supreme Court's decision in *Aguilar*. Since it is now apparent that such test was never intended by the Supreme Court to limit the scope of information a magistrate may utilize in determining if probable cause exists to issue either an arrest or a search warrant, we see no rational basis for limiting the scope of information to the facts alleged in the affidavit *with regard to arrest warrants* under either the Texas Constitution or the Texas Code of Criminal Procedure. *See Bryant v. State*, 652 S.W.2d 798, 800 n. 5 (Tex. Crim.App.1983).

TEX.CODE CRIM.PROC.ANN. art. 15.-05 (Vernon 1977) provides:

"Art. 15.05. Requisites of complaint

The complaint shall be sufficient, without regard to form, if it have these substantial requisites:

1. It must state the name of the accused, if known, and if not known, must give some reasonably definite description of him.

2. It must show that the accused has committed some offense against the laws of the State, either directly or that the affiant has good reason to believe, and does believe, that the accused has committed such offense.

3. It must state the time and place of the commission of the offense, as definitely as can be done by the affiant.

4. It must be signed by the affiant by writing his name or affixing his mark."

The complaint before us meets these requisites.

■ In the case at bar, evidence was presented at the hearing on appellant's motion to suppress the arrest warrant that the affiant, Larry Norris, verbally supplied the magistrate issuing the warrant with information conveyed to him by Joel Villarreal. (*See Cummings v. State*, 651 S.W.2d 14 [Tex.App.—Amarillo 1983, no pet.], holding that, when an arrest warrant is issued based upon a complaint containing information provided directly to the affiant by the victim, the complaint need not set forth independent corroboration of the occurrence or set forth the basis for the reliability of the eyewitness. *See also Jones v. State*, 568 S.W.2d 847 [Tex.Crim.App.1978]; *Jackson v. State*, 470 S.W.2d 201 [Tex. Crim.App.1971].) Although Villarreal was not the victim of appellant's alleged murder, he was still a victim of an offense arising out of the same course and conduct which culminated with Frank Luna's murder, and he was present when the murder was committed. Testimony was also elicited that the magistrate spent between 45 minutes and an hour at the scene of the murder only hours before she issued the arrest warrant. In fact, it is established that she pronounced Luna dead at the scene. Thus, it can also be deduced that while at the scene of the offense she personally obtained information which led to the issuance of the arrest warrant.

While probable cause must still be established to secure an arrest warrant, we believe that, viewing the totality of the circumstances, sufficient information was provided to the magistrate upon which she could properly issue the warrant of which appellant now complains. *See Hennessy v. State*, 660 S.W.2d 87 (Tex.Crim.App.1983), applying the "totality of the circumstances" standard to determine the validity of a search warrant. Having found that the arrest warrant was valid, we find no merit to appellant's seventh, eighth, and ninth grounds of error.

■ Furthermore, even if appellant is correct in his assertions that his arrest was unlawful, in the light of appellant's execution of a consent form allowing the officers to search his property, under the record presented, we would find that appellant waived any complaints about the legality of the seizure of the trousers, shirt and pair of blue thongs. *See Sutton v. State*, 519 S.W.2d 422 (Tex.Crim.App.1975); *Jackson v. State*, 450 S.W.2d 616 (Tex.Crim.App. 1970); and, *Wright v. State*, 644 S.W.2d 525 (Tex.App.—Corpus Christi 1982, no pet.). Appellant's seventh, eighth, and ninth grounds of error are overruled.

■ In his tenth, eleventh and twelfth grounds of error, appellant contends that the trial court erred in allowing the prosecution, during the cross-examination of appellant, to read in the presence of the jury the aggravated perjury statute. Appellant's grounds allege that appellant was denied his *Constitutional* rights to be heard and have his testimony treated the same as other witnesses, thereby depriving him of a fair and impartial trial in violation of the Fourteenth Amendment to the United States Constitution and Article 1, Section 10, 15 and 19 of the Texas Constitution.

Appellant relies on *Webb v. Texas*, 409 U.S. 95, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972), wherein the Court found that the trial court's action in: 1) singling out a defense witness; 2) warning the witness of his right to refuse to testify and of the necessity to tell the truth; 3) implying that he expected the witness to lie; 4) assuring the witness of prosecution should he, in fact, lie; and 5) informing the witness of the effect of a conviction, constituted sufficient duress on the witness so as to preclude him from making a free choice whether or not to testify. The Court held that the trial court's action effectively drove the witness off the stand and thus deprived the defendant of due process of law under the Fourteenth Amendment. We do not believe that we are faced with the *Webb* scenario today.

In the case before us, after appellant was advised of the Texas law on perjury by the prosecution, he was asked if he wanted to change his testimony, to which he responded, "No, not to change, no." He then proceeded to maintain his version of the events and his innocence. We do not believe reversible error was committed. *See Webb v. State*, 503 S.W.2d 799 (Tex.Crim. App.1974); *United States v. Gloria*, 494 F.2d 477 (5th Cir.1974); *see also Griffin v. Weinberger*, 492 F.2d 969 (5th Cir.1974). Appellant was not denied any constitutional protection under either the United States or Texas Constitutions. His tenth, eleventh and twelfth grounds of error are overruled.

■ In his thirteenth through twenty-second grounds of error, appellant contends that the trial court erred by refusing to submit instructions to the jury, requested both at the guilt/innocence stage and the punishment stage of the trial. Appellant first asserts that the court erred in refusing to submit a charge which would instruct the jury on the objectives of the Penal Code as set out in § 1.02 TEX.PENAL CODE ANN. (1974). We find no error in this action. *Hart v. State*, 634 S.W.2d 714 (Tex.Crim.App.1982). Appellant's thirteenth ground of error is overruled.

■ Appellant next contends that the trial court erred in refusing to submit a charge defining "proof beyond a reasonable doubt." Denial of this request was not error. *See Young v. State*, 648 S.W.2d 2 (Tex.Crim.App.1983); *Roberts v. State*, 672 S.W.2d 570 (Tex.App.—Ft. Worth 1984, no pet.) Appellant's fourteenth ground of error is overruled.

■ In his fifteenth ground of error, appellant attacks the trial court's refusal to submit an instruction which would commend the jurors for sitting on the jury panel and would admonish them to refrain from allowing any economic hardships suffered as a result of their service from prompting them to render a hasty verdict. As in his sixteenth ground of error, where

he alleges error in not instructing the jury that, while a witness is presumed to speak the truth, the jury may consider a myriad of enumerated factors in deciding what weight to give a party's testimony, appellant cites us to no Texas authority which would support the submission of such charges as requested, and, upon review, we again find no error in the trial court's refusal to so submit.[5] Appellant's fifteenth and sixteenth grounds of error are overruled.

In his seventeenth, eighteenth, nineteenth, twenty-first and twenty-second grounds of error, appellant says that the trial court erred in refusing to submit instructions which would further elaborate on the presumption of innocence and the reasonable doubt standard as it applies in a criminal case. Appellant also requested specific instructions defining: 1) reasonable doubt; 2) proof beyond a reasonable doubt; 3) element of an offense; 4) conduct; 5) act; and, 6) required culpability. The trial court instructed the jury that:

"The burden of proof in all criminal cases rests upon the State throughout the trial, and never shifts to the defendant. All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that he has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial. In case you have a reasonable doubt as to defendant's guilt after considering all the evidence before you, and these instructions you will acquit him."

We believe that the instruction, read in conjunction with the remainder of the charge, sufficiently charged the jury on reasonable doubt and presumption of innocence. Regarding appellant's other requested definitions, we can find no Texas authority to mandate the submission of these definitions, and we now find, as a

matter of law, that appellant was not harmed by the court's action in refusing to submit appellant's proposed definitions. "A trial court is required to fully instruct the jury on the law applicable to the case and to apply that law to the facts presented. * * * Further, the court must charge on all essential elements of an offense." *Jackson v. State*, 633 S.W.2d 897 (Tex.Crim. App.1982). We find that the trial court's charge met this duty. Appellant's seventeenth, eighteenth, nineteenth, twenty-first and twenty-second grounds of error are overruled.

Appellant next contends that it was error for the trial court not to charge the jury that:

"If the jury believes from the evidence that any person was induced to testify in this case by any promise of immunity from further punishment, or that any hope was held out or entertained by him that he would be rewarded or in any wise benefit if he implicated any of the defendants in the crimes charged herein, the jury must take such fact into consideration in determining what weight should be given to the testimony, closely scrutinize it and unless they can reconcile it with truth, completely reject it.

In weighing the testimony of a witness who testifies under any promise of immunity or award, the jury must consider that such promise of immunity or award of itself is a strong impelling reason for the witness to color and fabricate his testimony, and that such testimony must be weighted with a great deal of care and circumspection."

Again, appellant has failed to cite any relevant Texas authority which supports his assertion that the failure to submit his requested instruction constituted error. As we have already noted, the jury was instructed that they were the exclusive judges of the credibility of the witnesses and the weight to be given their testimony. We believe that further elaboration was

---

**5.** We note that the jury was instructed not to let bias, prejudice or sympathy play any part in its deliberations and that they were the exclusive judges of the facts proved, the credibility of the witnesses and the weight to be given their testimony.

unnecessary. Appellant's twentieth ground of error is overruled.

■ In his twenty-third and twenty-fourth grounds of error, appellant contends that the trial court erred in attempting to rehabilitate a juror and then in overruling appellant's challenge for cause of that juror. As we understand these grounds of error, appellant is complaining of the following: 1) during voir dire, prospective juror C.G. indicated that she would be unable to consider probation if appellant was found guilty of murder; 2) the trial court then attempted to rehabilitate C.G. at which time C.G. stated that she could consider probation; 3) the defense objected to C.G. and challenged her for cause; 4) the court overruled the objection; 5) both sides subsequently made their peremptory strikes; 6) C.G. was not struck by either side and was impaneled as a juror.

After the impaneling of the jury, appellant's trial counsel then complained that:

"the Defendant has challenged for cause [C.G.], who was seated number one in this cause. The Court overruled said objection for the reasons previously stated. As a result, she was seated as number one and we have been forced as a result to seat two objectionable jurors, Mr. [L.T.], number six, who knows two of the State's witnesses, [N.S.] and [O.S.], and Mr. [J.L.K.], number 12.

Had the Court granted the challenge for cause, the Defendant would have had additional strikes thereby striking Mr. [T.] and/or Mr. [J.L.K.].

The first thing I need to do, Judge, is request an additional strike because of the ruling on [C.G.].

\* \* \* \* \* \*

MR. RAMON: As a result of the Court not granting us an additional strike and as a result of the Court not granting the challenge on [C.G], we have been forced to seat in the jury panel number six, [L.T.], who knows the State's witnesses and also Mr. [J.K]."

The Court in *Wolfe v. State*, 147 Tex. Cr.R. 62, 178 S.W.2d 274 (Tex.Crim.App. 1944, opinion on motion for rehearing), set forth:

"in the trial of a criminal case where an accused has been wrongfully deprived of a peremptory challenge by *being forced to use such upon a juror who was shown to be subject to a challenge for cause,* and such accused has exhausted his peremptory challenges, and a further juror be presented whom he states to be objectionable to him, then it will not be necessary for accused to show in what manner such further juror was objectionable to him, nor to show that such juror was an unfair or partial juror. In further words, we think the accused should only be required to exercise a peremptory challenge on the objectionable juror and not a challenge for cause, nor show grounds for a challenge for cause, nor to show why such juror was objectionable to him." (Emphasis ours.)

In applying *Wolfe*, the Court, in *Cuevas v. State*, 575 S.W.2d 543 (Tex.Crim.App.1978), said:

"Thus, if appellant can show that the challenge for cause to venireman Whorton should have been sustained and that the overruling of such challenge deprived him of a peremptory challenge he would have used to strike venireman Thomas, this case must be reversed." [Citations omitted.]

In the case at bar, appellant not only failed to exercise a peremptory strike against C.G., but his complaint at trial was that the failure to excuse this juror for cause forced him to take two objectionable jurors; neither of which were C.G., who, in fact, was impaneled as a juror.

We fail to see any connection between the trial court's refusal to remove C.G. from the jury and the seating of two other allegedly objectionable jurors. If appellant was not forced to exercise a peremptory challenge on C.G., failure to excuse her from the panel could not possibly have affected the seating of the two allegedly objectionable jurors. Were we to confine our review to the seating of C.G., in absence of a showing why appellant failed to

exercise a peremptory challenge on C.G., appellant cannot now complain of her impanelment of the jury. *Barrington v. State*, 594 S.W.2d 88 (Tex.Crim.App.1980); *see Lopez v. State*, 216 S.W.2d 183 (Tex. Crim.App.1948). Appellant's twenty-third and twenty-fourth grounds of error are overruled.

In his final[6] ground of error, appellant contends that the trial court erred in making an affirmative finding in the judgment that appellant used and exhibited a deadly weapon during the commission of the offense. As previously set-out in this opinion, the indictment charged that appellant used a firearm in causing the death of Francisco Luna. The only charge of the court which would allow the jury to return a verdict of guilty for the offense of murder,[7] sets forth:

"III.

Now if you find from the evidence beyond a reasonable doubt that on or about the 23rd day of September, 1983, in Hidalgo County, Texas, the defendant, RUBEN GARCIA REYES, did intentionally and knowingly cause the death of an individual, FRANCISCO BLAS LUNA, by shooting him *with a firearm* as set forth in the indictment, then you will find the defendant, RUBEN GARCIA REYES, *guilty of murder as charged in the indictment."* (Emphasis ours.)

 The verdict of guilty necessarily included a finding that appellant committed murder by use of a firearm.[8] Therefore, the jury's verdict reflects the affirmative finding that a deadly weapon was used in the commission of the offense. *Ex parte Moser*, 602 S.W.2d 530 (Tex.Crim. App.1980). The jury's verdict, based upon both the charge and the indictment, authorized the inclusion in the judgment of a

finding on the use and exhibition of a deadly weapon.

Appellant would also contend that the law of parties does not apply to the making of an affirmative finding of the use or exhibition of a deadly weapon during the commission of an offense. TEX.PENAL CODE, §§ 7.01 and 7.02 (Vernon 1974) provide in part:

Section 7.01. Parties to Offenses

(a) A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

\* \* \* \* \* \*

§ 7.02 Criminal Responsibility for Conduct of Another

(a) A person is criminally responsible for an offense committed by the conduct of another if:

\* \* \* \* \* \*

(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

We find that those code sections are applicable to the making of an affirmative finding of the use of a deadly weapon during the commission of an offense. Appellant's twenty-sixth ground of error is overruled.

The judgment of the trial court is AFFIRMED.

Opinion ordered published.

---

6. Appellant's last ground of error is numbered "26"; however, no ground of error twenty-five appears in his brief.

7. Although the instruction on parties includes an application paragraph, it necessarily refers back to the indictment and the instruction on murder.

8. A firearm is a deadly weapon per se. *Stewart v. State*, 532 S.W.2d 349 (Tex.Crim.App.1976); TEX.PENAL CODE ANN. § 1.07(a)(11) (Vernon 1974).