Carl D. WILLIAMSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–85–430–CR.

Court of Appeals of Texas, Corpus Christi.

Aug. 29, 1986.

Rehearing Denied Oct. 9, 1986.

Joseph A. Connors, III, McAllen, for appellant.

Theodore Hake, Edinburg, for appellee.

Before DORSEY, UTTER and BENAVIDES, JJ.

## OPINION

DORSEY, Justice.

This is an appeal from a jury conviction for the felony offense of burglary of a habitation with intent to commit aggravated assault for which the trial court assessed appellant's punishment at six years in the Texas Department of Corrections. We affirm the judgment of the trial court.

In his second ground of error, appellant challenges the sufficiency of the evidence to prove his intent to commit aggravated assault as charged in the indictment. Appellant was charged with entering a habitation without the effective consent of the owner, Eleobardo DeLeon, with intent to commit aggravated assault. TEX.PENAL CODE ANN. § 30.02(a)(1) (Vernon 1974).

In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984).

Appellant's teenage daughter, who was living with appellant's ex-wife, went riding with several teenage boys, including Eddie DeLeon, at approximately 8:00 p.m. on December 31, 1984, contrary to the instructions of her mother. When the girl did not return home, her mother and present husband began to search for her by asking about her at the house of the boys who had accompanied her, including that of Eddie DeLeon.

The appellant found out about his daughter's absence the next day and drove by the DeLeon house to inquire about his daughter's and/or Eddie's whereabouts without success. He then went to a bar where he drank beer and shot pool until 2:00 a.m., when he and two male companions from the bar, known only as Ron and Splash, drove to the DeLeon house in an attempt to locate his daughter or Eddie DeLeon. The events that occurred at the DeLeons' house are the basis of this indictment and conviction.

In viewing the record in the light most favorable to the verdict, it appears that appellant, accompanied by two other men, forcefully entered the DeLeon home at 2:30 a.m. by kicking the door open and shouting, "I want to kill Eddie" and "Where's Eddie?" Mr. DeLeon was knocked unconscious by appellant, then held by the throat, with a gun pointed at his head. The DeLeon family was warned that Mr. DeLeon would be killed if anyone called the police. Appellant shouted, "Show him the gun. Show him the gun." When Mrs. DeLeon tried to run to a neighbor's house for help, appellant brought her back. The DeLeons' telephone was pulled off the wall and was thrown outside, and one tire on their car was slashed. The DeLeons were gathered into one room where they were repeatedly asked, "Where's Eddie?" Eddie DeLeon testified that the appellant threatened to kill him, but he did not identify himself to the intruders as the one sought.

■ After carefully reviewing the record, and, in so doing, viewing the evidence in the light most favorable to the verdict, we find the evidence sufficient to show appellant's intent to commit aggravated assault at the time the entry was made. Appellant's second ground of error is overruled.

In his first ground of error, appellant asserts that the trial court erred in overruling his motion to dismiss for want of a speedy trial in violation of the Speedy Trial Act, TEX.CODE CRIM.PROC.ANN. art. 32A.02 (Vernon Supp.1986).

The offense for which appellant was convicted was committed on January 2, 1985. On January 7, 1985, a formal complaint was filed in Municipal Court, which then issued a warrant for appellant's arrest. On February 25, 1985, appellant was arrested after voluntarily turning himself in to police. On May 8, 1985, the 121st day after the filing of the complaint, the State first announced ready for trial. The State did not announce that it had been ready prior to May 8, 1985. On June 13, 1985, appellant filed his motion to dismiss, and after the hearing, the trial court overruled

the motion to dismiss relying on sections 4(4)(B) and 4(10) of the Speedy Trial Act.

In support of his first ground of error, appellant contends that for purposes of the Speedy Trial Act, the criminal action against him commenced when the formal complaint was filed on January 7, 1985. In response, the State argues that, under the authority of *Davis v. State,* 630 S.W.2d 532 (Tex.App.—Amarillo 1982, no pet.), the criminal action commenced on February 25, 1985, when appellant was arrested.

The Texas Speedy Trial Act provides, in pertinent part:

Section 1. A court shall grant a motion to set aside an indictment, information, or complaint if the state is not ready for trial within:

(1) 120 days of the commencement of a criminal action if the defendant is accused of a felony;

\* \* \* \* \* \*

Sec. 2. (a) Except as provided in Subsections (b) and (c) of this section, a *criminal action commences* for purposes of this article *when an indictment, information, or complaint* against the defendant *is filed in court,* unless prior to the filing the defendant is either detained in custody or released on bail or personal bond to answer for the same offense or any other offense arising out of the same transaction, in which event the criminal action commences when he is arrested.

\* \* \* \* \* \*

Sec. 4. In computing the time for which the state must be ready for trial, the following periods shall be excluded:

\* \* \* \* \* \*

(4) *a period of delay resulting from the absence of the defendant* because his location is unknown *and;*

(A) he is attempting to avoid apprehension or prosecution; or

(B) the state has been unable to determine his location by *due diligence;* (Emphasis added.)

The criminal action commenced at the time the formal complaint was filed on January

7, 1985. *Apple v. State,* 647 S.W.2d 290 (Tex.Crim.App.1983); *Rios v. State,* 688 S.W.2d 642 (Tex.App.—Corpus Christi 1985, pet. granted), *disagreeing with Davis v. State,* 630 S.W.2d 532 (Tex.App.—Amarillo 1982, no pet.).

■ Where the State's announcement of ready came 121 days after the commencement of the criminal action, and the State did not announce that it had been ready during the 120–day period, the State had the burden to show that enough time was excludable from the computation of days between complaint and announcement of ready so as to bring it within the 120–day limit. *Robinson v. State,* 707 S.W.2d 47, 49 (Tex.Crim.App.1986); *Ex parte Hilliard,* 687 S.W.2d 316, 318 (Tex.Crim.App. 1985); *Lloyd v. State,* 665 S.W.2d 472, 474 (Tex.Crim.App.1984).

The State urges that certain time should be excluded in accordance with Section 4(4), based on the absence of the defendant whose location was unknown and whom the State had been unable to locate by due diligence. Our inquiry is whether the period of delay from January 7, the filing of the complaint, through January 25, the date appellant was incarcerated in the county jail for another offense, resulted from the absence of the defendant because his location was unknown and the State had been unable to ascertain his location by due diligence.

McAllen police officer Jose Longoria testified that he swore out the complaint against the appellant and received the arrest warrant from the municipal court judge. After receiving the arrest warrant, he requested that the data be put into the police computer and a "bolo" (be on the lookout) be circulated among other police agencies, he contacted appellant's last known address twice, visited the oil rig where appellant was supposed to be working, and talked to appellant's ex-wife in an attempt to locate him. Officer Longoria testified that he had done these investigations by the end of January or the first week in February. The officer did not know that the appellant was in the Hidalgo County Jail for a two-week period beginning January 25, 1985. The investigation to locate the appellant was done at various times, as the officer had a number of other cases to work on, and the officer is imprecise as to when he did a certain task in order to attempt to locate the appellant. However, Officer Longoria said that he did go by the El Bosque Apartments, appellant's last known address, on either the 20th, 22nd, or 23rd of January in order to locate him.

■ Appellant offered evidence that he was arrested on prior occasions, placed in jail, and bonded out using the same bondsman and attorney, both of whom knew how to locate him, all of this unbeknownst to Officer Longoria. However, the State is not charged with making a perfect investigation in its attempts to locate a defendant; due diligence is sufficient.

■ We hold the trial court did not err in excluding one day from the computation of time that the State was required to be ready because the defendant was absent, his location unknown, and the State was attempting to locate him with due diligence in accordance with Art. 32A.02 § 4(4). Appellant's first ground of error is overruled.

Appellant's third ground of error contends that the trial court erred in refusing to submit appellant's requested instruction on the law of parties. Appellant's requested instruction was as follows:

You are further instructed that the mere presence of Defendant CARL DAVID WILLIAMSON at the scene of the burglary of the habitation, if any, of ELEOBARDO DE LEON, would not constitute the defendant criminally responsible as a party to the offense, if any, and if you should find from the evidence beyond a reasonable doubt that someone other than the defendant did then and there commit the said burglary of said habitation as aforesaid, but you further find and believe from the evidence, or you have a reasonable doubt thereof, that the Defendant CARL DAVID WILLIAMSON

(1) did not at the time and place in question possess an intent to promote or assist the commission by some other person or persons of the burglary of said habitation offense as charged in the indictment herein, or

(2) did not agree to or solicit, encourage, direct, aid, or attempt to aid either some other person or persons, in the commission of said alleged burglary of said habitation,

then you will find the Defendant CARL DAVID WILLIAMSON 'Not Guilty' of the offense of burglary of the habitation as charged in the indictment herein.

The instruction which was actually given by the court with regard to the law of parties and applying the law to the facts of the offense was as follows:

All persons are parties to an offense who are guilty of acting together in the commission of an offense.

A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, or by the conduct of another for which he is criminally responsible, or both. Each party to an offense may be charged with the commission of the offense.

Mere presence alone will not make a person a party to an offense. A person is criminally responsible for an offense committed by the conduct of another, if acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

### V.

Now, if you find from the evidence beyond a reasonable doubt that on or about the 2nd day of January, 1985, in Hidalgo County, Texas, the Defendant, CARL DAVID WILLIAMSON, did then and there, without the effective consent of Eleobardo DeLeon, the owner thereof, enter a habitation, with intent to commit aggravated assault or, acting with intent to promote or assist the commission of the offense, if any, solicited, encouraged,

directed, aided, or attempted to aid Ron (last name unknown) and Splash (last name unknown), to commit the offense charged, as defined above, and that the said Ron (last name unknown) and Splash (last name unknown), did then and there, in Hidalgo County, Texas, on or about the 2nd day of January 1985, without the effective consent of Eleobardo De Leon, the owner thereof, enter a habitation, with intent to commit aggravated assault, you will then find the Defendant, CARL DAVID WILLIAMSON, guilty of the offense of burglary of a habitation with intent to commit aggravated assault.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant.

In *Reyes v. State,* 694 S.W.2d 556 (Tex. App.—Corpus Christi 1985, pet. granted), a similar charge was submitted to the jury and a nearly identical charge was requested by the defendant. As in *Reyes,* the thrust of appellant's ground of error is that the trial court failed to give a converse charge of the issue.

When explaining the requested charge to the court, the defendant's attorney in *Reyes* explained: "Number 23, Your Honor, is on the converse of the law of parties, that if he did not, in anyway, do these things, that he's got to be found not guilty." In the case at bar, appellant's attorney explained to the court: "Your Honor, Number 3 concerns what could be referred to as the converse charge of the paragraphs...."

■ As in *Reyes,* we hold that appellant's requested charge was little more than a restatement of the charge given by the court. "While it is true that it was 'converse' to the charge on parties given by the court, it was not a converse charge on an affirmative defense." *Reyes v. State,* 694 S.W.2d at 561; *see Hastings v. State,* 641 S.W.2d 332 (Tex.App.—Dallas 1982, pet. ref'd) (converse charge rejected where trial court adequately stated the ele-

ments of the offense, applied them to the facts, and instructed the jury on necessity of State's proving each element beyond reasonable doubt); *LeDuc v. State*, 593 S.W.2d 678 (Tex.Crim.App.1979) (requested charge held substantially same or adequately covered by charge given); *Hitchcock v. State*, 388 S.W.2d 428 (Tex.Crim. App.1965) (converse charge request refused where jury charged on elements, presumption of innocence, burden on State, proof beyond a reasonable doubt, and acquittal required if reasonable doubt exists); *but cf. Cammack v. State*, 102 Tex.Cr.R. 579, 278 S.W. 1105 (App.1926) (held that converse of law of principals should have been charged). Appellant's third ground of error is overruled.

Appellant's fourth ground of error alleges that the trial court erred in refusing to submit appellant's requested instruction on mere presence. Appellant's requested instruction was as follows:

Mere presence, if any, of the defendant inside of the habitation where a burglary occurred, if it did, does not itself show that said burglary was committed by the defendant. Therefore, if you find from the evidence that the defendant did no more than be present inside of the habitation where a burglary occurred, or if you have a reasonable doubt thereof, then you will say by your verdict "Not Guilty."

In its instruction on the law of parties, the trial court included the following: "Mere presence alone will not make a person a party to an offense." The trial court ruled that appellant's requested instruction was already covered by its inclusion of this sentence in the instructions. We agree.

 When the charge actually given is substantially the same and adequately covers the charge requested, it is not error for the trial court to refuse the requested instruction. *LeDuc v. State*, 593 S.W.2d 678, 685 (Tex.Crim.App.1979). The charge given by the trial court adequately protected appellant's rights. Appellant's fourth ground of error is overruled.

Appellant's fifth, sixth and seventh grounds of error allege that the trial court erred in refusing to submit to the jury his requested instructions on intent. Appellant's first requested instruction on intent, No. 6(A), was as follows:

You are further instructed that if you believe from the evidence that at the time and place in question as alleged in the indictment Carl David Williamson entered, if he did, the habitation in question, but you further find or have a reasonable doubt thereof that Carl David Williamson had not already formed the intent to commit the crime of aggravated assualt [sic] therein as of the time of said entry, if any, you will find Carl David Williamson not guilty and so say by your verdict.

Appellant's second requested instruction on intent, No. 6(B), was as follows:

You are further instructed that if you believe from the evidence, or have a reasonable doubt thereof, that Carl David Williamson entered for a purpose other than of committing an aggravated assualt [sic], you shall find Carl David Williamson not guilty and so say by your verdict.

Appellant's third requested instruction on intent, No. 6(F), stated:

You are instructed that entry cannot be made 'with the intent to commit aggravated assualt' [sic] if the intent to commit an aggravated assault [sic] was conceived after the entry into the habitation. If you believe from the evidence or have a reasonable doubt that Carl David Williamson's entry, if any, into the habitation of Eleobardo DeLeon, the owner thereof, if he was, was not made with the intent to commit the specific felony offense of aggravated assault [sic], as defined herein, then you should find the Defendant not guilty and say so by your verdict.

The trial court submitted the following instructions on intent:

In this case, the indictment having charged that the burglarious entry, if any, was made with the intent to commit

the crime of aggravated assault, a felony, before you would be warranted in finding the Defendant guilty, you must be satisfied from the evidence beyond a reasonable doubt that the entry, if any, was so made with the intent to commit the specific crime of aggravated assault.

We find that appellant's requested instructions Numbers 6(A), 6(B), and 6(F) on intent were substantially the same and adequately covered by the instructions submitted by the trial court to the jury. Appellant's rights were properly protected by the charge submitted to the jury. *LeDuc v. State,* 593 S.W.2d at 685. Appellant's fifth, sixth, and seventh grounds of error are overruled.

In his eighth and ninth grounds of error, appellant alleges that the trial court erred in denying appellant's requested instruction Number 6(C) on express or implied consent to enter the habitation at the time and place in question. Appellant's requested instruction was as follows:

You are further instructed that, unless you find from the evidence beyond a reasonable doubt that Carl David Williamson did enter, if he did, the habitation alleged in the indictment without the consent of Eleobardo DeLeon, or if you have a reasonable doubt as to whether Carl David Williamson either had express or implied consent or permission to enter from said owner or the said owner's apparent agent or representative, if he did, or was laboring under the impression and believed he had so been invited to so enter the same, if he was, or if you have a reasonable doubt that Carl David Williamson acted under such invitation, if any, to so enter, and if he did so enter, then in that event Carl David Williamson would not be guilty of burglary of a habitation as charged in the indictment in this case, and in such event, you will find Carl David Williamson not guilty and so say by your verdict.

The trial court submitted the following instruction on mistake of fact as to whether appellant had permission to enter the habitation:

It is a defense to prosecution that the Defendant through mistake formed a reasonable belief about a matter of fact if that mistaken belief negated the kind of culpability required for commission of the offense charged. A "reasonable belief" means a belief that would be held by an ordinary and prudent person in the same circumstances as the Defendant.

So, if you find and believe from the evidence in this case that at the time the Defendant, CARL DAVID WILLIAMSON, entered, if he did, the habitation of Eleobardo DeLeon, the owner thereof, if he was, on the 2nd day of January, 1985, the Defendant through mistake acted under reasonable belief, if any, that he could enter said habitation, or if you have a reasonable doubt thereof, you will acquit the Defendant, CARL DAVID WILLIAMSON, and say by your verdict not guilty.

■ Appellant's testimony did raise an implied consent issue. However, the trial court's instruction on mistaken belief adequately presented the impression of appellant's consent theory. *LeDuc v. State,* 593 S.W.2d at 685.

We find that the trial court did not reversibly err in refusing appellant's requested instruction Number 6(C). *See Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App. 1984). Appellant's eighth and ninth grounds of error are overruled.

In his tenth ground of error, appellant alleges the trial court erred in denying appellant's oral objection to the trial court's failure to instruct the jury on independent impulse. Appellant's attorney orally objected to such omission as follows:

I will object to the Court failing to charge the jury on independent impulse. And that would be the—some instruction to the effect that if it was no such common design and intent of all, including the Defendant, to commit the burglary of the habitation of Eleobardo DeLeon, with the intent to commit aggravated assault therein, or if the offense, if any, was committed by one or more persons, acting independently of the Defendant, Carl

**598**

David Williamson, in so doing, and without participation by Carl David Williamson in the design and intent to commit said offense, then the Defendant, Carl David Williamson, is not guilty, and if you have a reasonable doubt as to this issue, you must give the Defendant the benefit of the doubt and acquit him. I object to the Court's failure to have such an independent impulse jury instruction in the jury charge, Your Honor.

 This defensive theory should be given if supported by the evidence, but in the case at bar it was not. There was no evidence submitted which would raise the issue that appellant's companions, Ron and Splash, committed the burglary with intent to commit aggravated assault independently of appellant or without participation by appellant.

Appellant testified that: he went to the DeLeon house to find his daughter and Eddie; he knocked on the front door at 2:00 a.m.; a boy opened the door and asked what he wanted; an adult voice from the back of the house asked who was out there; appellant responded by walking into the house and back to the bedroom; Mr. DeLeon became hostile, when Mr. DeLeon called his daughter a foul name he "back handed" Mr. DeLeon, knocking him down; Mr. DeLeon did not get up, and appellant then turned and left. Appellant stated that his companions did not enter the house any further than the front doorway.

The State's evidence, recited in our discussion of appellant's second ground of error, shows active participation by appellant in breaking into the house, shouting he was going to kill Eddie, shouting "Show him the gun. Show him the gun," and striking Mr. DeLeon.

Neither version of the events in question support the submission of appellant's requested charge. However, even if it could be argued that the evidence supports the giving of the charge requested, we find that the learned trial judge adequately charged the jury on the law of parties and that such charge fully protected appellant's rights and did not deprive him of a fair trial. *Randolph v. State,* 493 S.W.2d 869, 873 (Tex.Crim.App.1973).

Appellant's tenth ground of error is overruled.

The judgment of the trial court is affirmed.