Shane Michael GRAVES, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–96–00055–CR.

Court of Appeals of Texas, Tyler.

Oct. 22, 1997.

Discretionary Review Refused Feb. 11, 1998.

Rehearing Overruled March 11, 1998.

Clifton Holmes, Longview, for appellant.

William M. Jennings, Longview, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

HOLCOMB, Justice.

Shane Michael Graves ("Appellant") appeals his conviction for murder, for which he was assessed punishment at thirty years' imprisonment. Appellant complains that the trial court erred when it failed to charge the jury on the converse of the law of parties and on the law of independent impulse. We will affirm.

For a clearer understanding of Appellant's points of error, we will relate the evidence as adduced at trial. Appellant and three other young men took the deceased in Appellant's vehicle to a secluded area near the Sabine River. They beat him unconscious with Appellant's aluminum bat, then two of the parties dumped the deceased in the river, where he drowned. It was uncontested that Appellant did not help place the deceased in the water. By way of a *written confession*, Appellant admitted his agreement to go along with the plan to "whip [the deceased's] ass" because he had hit a female friend of theirs. He tried to call into question the voluntariness of the confession by intimating that his diabetic condition caused his faculties to be impaired at the time. *At trial*, Appellant testified that he did not intend to kill or seriously harm the deceased, that he believed he was going on a "beer run", that the detour to the river was to go smoke some pot, that the attack on the deceased was initiated by one of the other young men, and that Appellant only used the bat in self-defense when the deceased struggled to get up and threatened to kill them all. Appellant denied being a party to any plan to assault the deceased.

In his first and second points of error, Appellant complains that the trial court erred when it refused the following instruction:

The mere presence of the defendant Shane Michael Graves at the beating and drowning of John Gordon, if any would not constitute him a party to the offense charged, and if you should find from the evidence beyond a reasonable doubt that Kevin Kreyssig did then and there intentionally or knowingly kill the said John Gordon by beating him with a baseball bat and pushing him into the river when he knew that he was in a physical condition that prevented him from surviving, as aforesaid, but you further find and believe from the evidence or you have a reasonable doubt thereof that the defendant Shane Michael Graves did not act with intent to promote or assist in the commission of the said offense of beating and drowning John Gordon, if any, by aiding or attempting to aid Kevin Kreyssig in the commission of said offense, then you will find the defendant Shane Michael Graves not guilty of murder.[1]

The trial court gave a general instruction on the law of parties, including the directive that mere presence alone did not constitute one a party to a crime, then applied the law to the facts as follows:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 9th day of October, 1994, in Gregg County, Texas, Kevin Don Kreyssig, did then and there intentionally or knowingly cause the death of John Wayne Gordon by kicking him on or about his head, or by striking him on or about his head with an aluminum bat, or by pushing him into a body of water knowing, if you so find, that he was not capable of swimming due to injury; and you further find that the defendant, Shane Michael Graves, acting with intent to promote or assist the commission of the offense, if any, by Kevin Don Kreyssig by aiding or attempting to aid the said Kevin Don Kreyssig to commit the offense of

---

1. At the time of Appellant's trial, Kevin Kreyssig had been convicted by a jury and sentenced to 40   years confinement for this offense.

causing the death of John Wayne Gordon, if you so find, by then and there striking John Wayne Gordon with an aluminum bat, if you so find, or by furnishing him an aluminum bat to use, if you so find, in the commission of the offense, if any, or by furnishing transportation, if you so find, then you will find the defendant, Shane Michael Graves, guilty of murder.

If you do not so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant of murder.

The court's charge tracked the language of TEX. PEN.CODE ANN. §§ 7.01 and 7.02 (Vernon 1996).

■ "A charge that adequately protects an accused's rights, although not applying the law to the facts as preferred by him, is sufficient if the jury could have acquitted him under it, had they believed his version of the facts." *Smith v. State*, 502 S.W.2d 133, 134 (Tex.Cr.App.1973). When a requested jury instruction is substantially the same or is adequately covered by the charge given, there is no harm in the trial court's failure to give the requested charge. *Williamson v. State*, 716 S.W.2d 591, 596 (Tex.App.—Corpus Christi 1986, pet. ref'd n.r.e.). Moreover, no affirmative charge need be given merely negating an element of the offense. *Penry v. State*, 903 S.W.2d 715, 748 n. 30 (Tex.Cr.App. 1995), *cert. denied*, 516 U.S. 977, 116 S.Ct. 480, 133 L.Ed.2d 408 (1995). We hold that the trial court's charge on the law of parties, as well as the application of the law to the facts of the case, was substantially the same as Appellant's requested instruction, and adequately protected his rights. Furthermore, Appellant was not entitled to an affirmative charge on intent, since lack of intent is an element of the offense rather than an affirmative defense. Points of error one and two are overruled.

■ In points three and four, Appellant argues that the court should have included an instruction on independent impulse in the jury charge. The basis for an instruction on independent impulse is evidence that an accused, though he was admittedly intent on some wrongful conduct, nevertheless did not contemplate the extent of criminal conduct actually engaged in by his fellows, and thus cannot be held vicariously responsible for their conduct. *Mayfield v. State*, 716 S.W.2d 509, 513 (Tex.Cr.App.1986). It is reasonable to conclude that had the evidence raised a question as to whether the offense actually committed was perpetrated in furtherance of the object felony, or whether the variance between what actually occurred and what Appellant desired, contemplated, or risked was simply that a different offense was committed,[2] a timely requested affirmative instruction on the theory of independent impulse should have been submitted to the jury. At trial, however, Appellant testified that he was not a party to an agreement to commit *any* offense against the deceased, which negates the need for a charge on the theory of independent impulse. *Id.* at 516.

We overrule points of error three and four, and affirm the judgment of the trial court.

---

2. *See* TEX. PEN.CODE ANN. § 6.04(b)(1).